■ BASIL KOKOLETSOS et al., Respondents, v SIGMUND SEMON, Appellant.—In an action to recover damages for fraud, the defendant appeals from an order of the Supreme Court, Nassau County (Christ, J.), dated November 16, 1989, which denied his motion for summary judgment predicated on the ground that the plaintiffs' cause of action is barred by the doctrine of res judicata.

Ordered that the order is affirmed, with costs.

In a previous action, the plaintiffs, *inter alia*, alleged that "Sigmund Semon, P.C." had made certain fraudulent misrepresentations which resulted in monetary losses to them. That action was subsequently dismissed by an order of the Supreme Court which incorporated a stipulation reached between the parties. In material part, this stipulation stated that the plaintiffs agreed to the dismissal of the action for the reason that service upon the defendant had not been properly effected. In the instant action, the plaintiffs have reasserted the same allegations of fraudulent misrepresentation by Sigmund Semon.

The Supreme Court properly denied the defendant's motion to dismiss predicated on the ground that the plaintiffs' cause of action is barred pursuant to the doctrine of res judicata. The order of dismissal set forth the fact that the court lacked personal jurisdiction over Sigmund Semon, P. C. As a result, this prior adjudication was not "on the merits," and cannot be relied upon by the defendant for res judicata purposes *(see, Dutcher v Town of Shandaken,* 97 AD2d 922, 923-924; *Van Dussen-Storto Motor Inn v Rochester Tel. Corp.,* 63 AD2d 244, 249; *Weissman v Euker,* 1 AD2d 30, 33-34; *see also,* 9 Carmody-Wait 2d, NY Prac § 63:483, at 234-235).

In view of the foregoing, we need not reach the defendant's remaining contention. Kunzeman, J. P., Harwood, Eiber and Balletta, JJ., concur.