■ CHERYL CROOK et al., Respondents, v E. I. DU PONT DE NEMOURS COMPANY et al., Defendants, and NATIONAL CHEMSEARCH, a Division of N.C.H. CORP., et al., Appellants. (Appeal No. 1.)—Appeal unanimously dismissed without costs. Memorandum: Appellants are not aggrieved parties *(see,* CPLR 5511). (Appeal from Order of Supreme Court, Onondaga County, Reagan, J.—Dismiss Causes of Action.) Present—Callahan, J. P., Boomer, Balio, Lawton and Davis, JJ.

■ CHERYL CROOK et al., Respondents, v E. I. DU PONT DE NEMOURS COMPANY et al., Defendants, and NATIONAL CHEMSEARCH, a Division of N.C.H. CORP., et al., Appellants. (Appeal No. 2.)—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in finding that, since defendants Hotsy Corporation (Hotsy) and National Chemsearch (Chemsearch) made a CPLR 3211 (a) motion that did not challenge jurisdiction, they waived that defense even though it was contained in their answers. CPLR 3211 (e) permits a defendant to interpose an objection to personal jurisdiction either by making a motion to dismiss or by raising it as a defense in the answer *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:59, at 81). This motion was made after issue was joined, and defendants Hotsy and Chemsearch properly preserved their affirmative defense of lack of jurisdiction in their answers to plaintiffs' complaint. The court properly granted plaintiffs' motion to strike the affirmative defense of defendant Hotsy of Central New York, as that defendant agreed to waive the defense of lack of personal jurisdiction in return for a general extension of time to answer the complaint *(see, Schottin v Ul Haque,* 179 AD2d 1049).

It is apparent, however, from our review of this record, that plaintiff failed to obtain leave pursuant to CPLR 3025 (b) and 1003 to serve an "amended summons and complaint" purporting to join Hotsy and Chemsearch as party defendants. Since

there has been no waiver by them, the failure to obtain leave of court constitutes a jurisdictional defect requiring dismissal of the action against Hotsy and Chemsearch *(see, Yonker v Amol Motorcycles,* 161 AD2d 638). Since that issue involves only a question of law, we can reach the merits even though the Hotsy motion was made pursuant to CPLR 3211 *(see, O'Hara v Del Bello,* 47 NY2d 363, 366, *rearg denied* 48 NY2d 656).* (Appeal from Order of Supreme Court, Onondaga County, Reagan, J.—Dismiss Complaint.) Present—Callahan, J. P., Boomer, Balio, Lawton and Davis, JJ.