(April 30, 1992)

■ GRAHAM SNEDIKER et al., Respondents-Appellants, v ROCKEFELLER CENTER INC. et al., Appellants-Respondents.— Order, Supreme Court, New York County (Burton S. Sherman, J.), entered November 20, 1990, which granted the plaintiffs leave to serve a supplemental summons and amended complaint nunc pro tunc joining certain defendants as parties, held in abeyance the defendant Rockefeller Center Inc.'s motion to dismiss for lack of personal jurisdiction and denied the plaintiffs' motion for a default judgment against the defendants, affirmed, without costs.

The plaintiffs instituted this action to recover damages for personal injuries sustained by the plaintiff, Graham Snediker, an employee of the National Broadcasting Company, Inc. ("NBC"), who was purportedly injured in a storage room at 30 Rockefeller Plaza. While the plaintiffs originally sued NBC and Rockefeller Center Inc. ("RCI"), the owner of 30 Rockefeller Plaza, the action against NBC was discontinued since it was barred by Workers' Compensation.

After the statute of limitations had run, RCI moved to dismiss the action on the ground of lack of jurisdiction, based on its contention that service of process was allegedly made upon an individual who was not authorized to accept service on behalf of the company. The plaintiffs thereafter attempted

to serve an incorrectly entitled "Amended Summons and Amended Verified Complaint" on R.C.P. Associates, Rockefeller Center Properties, Rockefeller Group, Inc. and Radio City Music Hall Productions, Inc. These defendants did not respond and the plaintiffs cross-moved for a default judgment.

The Supreme Court found that whether the plaintiffs attempted to commence a new action or to join additional defendants by serving a supplemental summons, incorrectly labeled an amended summons and an amended complaint joining parties to the action, the failure to obtain court leave did not constitute a fatal defect. The court also denied the plaintiffs' motion for a default judgment based on the ambiguity of the amended summons and complaint and held RCI's motion to dismiss for lack of jurisdiction in abeyance.

Rather than attempting to circumvent the provisions of CPLR 1003 and 3025 as the dissent maintains, we find that the mislabeling of the summons and complaint, under the circumstances presented, was a mere irregularity which did not prejudice the defendants and which the Supreme Court properly corrected (CPLR 305, 2001; *see, Kramer v Twin County Grocers,* 151 AD2d 722; *Felix v Tischler,* 73 AD2d 609).

Nor was it an abuse of discretion for the court to deny the plaintiffs' motion for a default judgment in light of the confusion created by the mislabeling of the summons and complaint and the meritorious defense raised in the defendants' papers. Further, based on the parties' conflicting contentions as to the propriety of the service of process, RCI's motion to dismiss was properly held in abeyance pending any hearing to be held on the issue. Concur—Rosenberger, Ellerin and Kassal, JJ.

Murphy, P. J., dissents in a memorandum as follows: I dissent. I would modify the order to the extent of dismissing the amended summons and complaint, and directing that a traverse hearing be held with respect to the process served on February 13, 1989, and otherwise affirm.

In February 1989, plaintiffs commenced a personal injury action against Rockefeller Center Inc. (RCI). In its answer, RCI asserted lack of personal jurisdiction as an affirmative defense. Almost one year later, in January 1990, plaintiffs served new process, denominated an amended summons and complaint, including four additional defendants, none of whom appeared in response. In May 1990, after expiration of the Statute of Limitations, RCI moved to dismiss the original complaint for lack of personal jurisdiction due to improper service of process. Plaintiffs cross-moved for an order granting

them a default judgment as against all of the defendants named in their new process, or, in the alternative, for leave to amend their original process nunc pro tunc to add the four defendants.

The amended summons and complaint were legal nullities since plaintiffs did not move for leave to amend or to add parties as required by CPLR 1003 and 3025, and it was error for the IAS court to grant plaintiffs leave to amend their process nunc pro tunc as of the date the process was served (*Walden v Nowinski*, 63 AD2d 586). Accordingly, the amended summons and complaint should be dismissed as a nullity. Since defendants were not required to answer a nullity, plaintiffs were not entitled to a default judgment. However, a traverse hearing should be held on the issue of whether personal jurisdiction was obtained over RCI.