OPINION OF THE COURT
Edward H. Lehner, J.
By decision dated February 5, 1993 (156 Mise 2d 984) I ruled that a supplemental summons and amended complaint adding additional parties could be validly served upon the new parties without leave of court when all existing parties consented thereto. In so ruling I recognized that precedent in the Second Department called for a contrary result. However, I opined that the First Department, by reason of its decision in Snediker v Rockefeller Ctr. (182 AD2d 585 [1992]), would sustain the service.
However, as a consequence of the subsequent decision of the Court of Appeals, dated February 16, 1993, in Crook v Du Pont De Nemours Co. (81 NY2d 807), I am constrained to grant the motion of Chrysler Corporation (Chrysler), a newly added defendant, for reargument and to thereupon recall the decision of February 5, 1993.
In the Crook case (supra) the Court of Appeals affirmed, "for the reasons stated in the memorandum” (81 NY2d, at 809) of the Third Department, an order which dismissed an action against parties added without court approval on the grounds that "the failure to obtain leave of court constitutes a jurisdictional defect” (181 AD2d 1039, 1040). Although in Crook the consent of the existing parties had not been obtained, as it was in the case at bar, the dismissal of the newly added parties was granted because "there ha[d] been no waiver by them” (at 809). Thus, it appears that, without leave of court, the consent of the existing parties to the addition of new parties is insufficient to permit a court to obtain jurisdiction of additional parties, and only such new parties can waive the failure to obtain prior approval. Hence, since there was no waiver by Chrysler, jurisdiction was not obtained by reason of the service upon it in September 1992.
*409 As an alternative argument, plaintiffs maintain that the consent of the court in December 1992 to add Chrysler as a party (which consent was issued without prejudice to the right of Chrysler to assert the Statute of Limitations as a defense) and the subsequent service on Chrysler later that month makes this action timely in light of the filing of the supplemental summons and amended complaint with the County Clerk on September 3, 1992. Since the accident sued upon herein occurred on September 22, 1989, plaintiffs assert that under the commencement by filing rules enacted in 1992 (L 1992, ch 216), such filing tolled the Statute of Limitations provided service was effected within 120 days of the filing. In opposition, Chrysler contends that the new rules only apply to actions commenced after July 1, 1992 and hence are inapplicable to this action because it had been commenced against defendant Korte in 1991.
Pursuant to the amendments contained in the aforesaid chapter 216, CPLR 203 (c) provides that where an action is commenced by filing (which pursuant to CPLR 304 is the current mandated method of instituting an action in the Supreme and County Courts), it is deemed to have been commenced for Statute of Limitations purposes when the summons and complaint are filed with the clerk of the court. A plaintiff then has, pursuant to CPLR 306-b, 120 days to effect service so as to grant the court jurisdiction. Here if plaintiff had commenced a new action against Chrysler by filing the summons and complaint on September 3, 1992 and had effected service in December 1992, the action would be timely.
The issue thus presented is whether, because the papers filed were a supplemental summons and amended complaint in an action commenced in 1991, the plaintiffs are entitled to the 120-day additional period after the September 3 filing to effect service after having obtained the December consent to add Chrysler as a party. In this respect, section 27 of chapter 216 provides that the act applies only to actions "commenced” on or after July 1, 1992.
In their memorandum of law, plaintiffs assert that if the aforesaid 120-day period to effect service after filing does not apply to the filing of a supplemental summons and amended complaint after July 1, 1992 in an action commenced prior thereto, "plaintiffs could neither take advantage of the 60 day toll of § 203 (b) as it is inapplicable to 'filing cases’, nor to the *410 120 day toll under the filing system”. In this respect I find that plaintiffs incorrectly interpret the amendments.
In amending CPLR 203 the Legislature left intact the 60-day tolling provision of subdivision (b), but made it applicable only to an "action commenced by service”. Since this action was commenced prior to July 1, 1992 it is not an action "commenced by filing” to which subdivision (c) applies, but rather is an action "commenced by service” which is governed by subdivision (b). The latter subdivision continues to regulate the procedure applicable to adding parties to actions commenced prior to July 1, 1992, as well as to actions commenced subsequent thereto in courts other than Supreme or County Court. Under that subdivision the Statute of Limitations is not tolled until service is made upon a defendant, and in cases involving a supplementary summons the service can only be made after leave is granted by the court. Here plaintiffs could have obtained the extension provided in subdivision (b) by effecting service within 60 days of the expiration of the Statute of Limitations after obtaining leave of court to the amendment. Whether the amendment could be filed prior to obtaining court approval to the addition of new parties need not be determined as here service was not made within the 60-day period after the Statute of Limitations expired on September 22, 1992.
Accordingly, upon reargument, the motion of Chrysler Corporation to dismiss the action as against it is granted, and the Clerk shall enter judgment accordingly, severing the action as against Jason W. Korte, the only remaining defendant. It is noted that by stipulation dated December 20, 1992, this action was dismissed as against the other Chrysler related corporate defendants.