■ MIGUEL A. JIMENEZ, Appellant, v SHIPPY REALTY CORP., Respondent. [622 NYS2d 983] —In an action to recover damages, *inter alia,* for breach of a covenant of quiet enjoyment and for consequential damages, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered October 8, 1993, as granted the branch of the defendant's motion which was for summary judgment dismissing the plaintiff's fourth cause of action for consequential damages on the grounds of collateral estoppel and res judicata.

Ordered that the order is reversed insofar as appealed from, with costs, and the branch of the defendant's motion which was for summary judgment dismissing the plaintiff's fourth cause of action for consequential damages, is denied.

Res judicata, which forbids relitigation of the same claim, applies only when a final judgment is rendered on the merits. Here, insofar as there has not been a final judgment on the merits of the plaintiff's fourth cause of action, the doctrine of res judicata does not apply *(see generally, Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65).

Collateral estoppel, an equitable doctrine, is based upon the

general notion that a party, or one in privity with a party, should not be permitted to relitigate an issue decided against it *(see, Kaufman v Eli Lilly & Co.,* 65 NY2d 449; *Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481).

For the determination of an issue by one forum to be binding on another, so as to apply the doctrine of collateral estoppel, two requirements must be satisfied. First, the party seeking the benefit of collateral estoppel must prove that the identical issue was necessarily decided in the prior action and is decisive in the present action. Secondly, the party to be precluded from relitigating an issue must have had a full and fair opportunity to litigate the prior determination. The burden is on the party attempting to defeat the application of collateral estoppel to establish the absence of a full and fair opportunity to litigate *(see, Kaufman v Eli Lilly & Co., supra).*

In determining whether collateral estoppel should have been applied in the instant matter so as to bar plaintiff's claim for consequential damages for loss of business and profits and damage to equipment, supplies, inventory, and merchandise, the initial question is whether the decision of the Justice Court of the Village of North Tarrytown in a summary proceeding for eviction, commenced by the defendant herein, is a final decision on the merits.

The Justice Court did not finally adjudicate or dispose of the appellant's cause of action for consequential damages for loss of business and profits, etc. In fact, the Justice Court specifically declined to determine that issue on the ground that this cause of action was pending in the instant action. The Justice Court's decision not to decide this issue, and to defer its final determination to the Supreme Court, precludes application of the doctrine of collateral estoppel *(see, Matter of McGrath v Gold,* 36 NY2d 406). Rosenblatt, J. P., Lawrence, Altman and Hart, JJ., concur.