*762
 
 OPINION OF THE COURT
 

 Ciparick, J.
 

 The issue presented is whether the CPLR’s commencement-by-filing provisions apply to a Tax Law § 2016 proceeding originating in the Appellate Division. We conclude that they do and that the Statute of Limitations was tolled in this case when the notice of petition and petition were filed with the Clerk of the Appellate Division. Nonetheless, we affirm the judgment of the Appellate Division on the ground that petitioner failed to effect proper service on the respondents in this proceeding, an issue that was never reached by the Appellate Division, since the petition was dismissed as time-barred.
 

 In August 1988, the Department of Taxation and Finance (Department) assessed petitioner $58,877 in transfer gains tax based on his transfer of two apartment buildings. Petitioner paid the tax and applied for a refund. After a conciliation conference resulted in a partial refund, petitioner received a hearing on his claim for a full refund. An Administrative Law Judge (AU) ruled in petitioner’s favor, but the Tax Appeals Tribunal modified the ALJ’s determination and denied the refund request by decision dated November 19, 1992.
 

 On March 19, 1993, the day the four-month Statute of Limitations expired, petitioner filed with the Clerk of the Appellate Division a notice of petition and petition for review of the determination of the Tax Appeals Tribunal. Apart from filing, however, there was a total failure of service, as it is undisputed that petitioner did no more than mail copies of the notice of petition and petition to the Law Bureau of the Department of Taxation and Finance, the Tax Appeals Tribunal, and the Attorney-General’s office. Petitioner failed completely to comply with the rules governing personal service upon the State respondents or the Attorney-General
 
 (see,
 
 CPLR 307, 312-a, 403 [c]; 7804 [c]), and failed to further meet the requirements of CPLR 306-b providing that he file proof of service with the clerk’s office within 15 days after the expiration of the four-month period.
 

 Respondent Commissioner moved to dismiss the proceeding as time-barred. The Appellate Division initially denied the
 
 *763
 
 motion without prejudice to the issue "being raised upon argument of the proceeding.” A hearing was held arid thereafter the Court dismissed the petition for failure to serve respondents before the expiration of the Statute of Limitations. The Court rejected petitioner’s argument that the proceeding was timely commenced when the notice of petition was filed with the Court on the day the Statute of Limitations expired. The Appellate Division concluded that the filing system only applies to actions or special proceedings commenced in Supreme Court, County Court and Surrogate’s Court, since the statutes implementing the filing system refer to procedures (filing with the
 
 County
 
 Clerk, obtaining an index number and paying the fee required by CPLR 8018 [a]) that have no relevance to proceedings with original jurisdiction in the Appellate Division.
 

 Prior to July 1, 1992, actions and special proceedings were commenced in New York by service of process. In 1992, the Legislature amended CPLR 304 and changed the method for commencing actions and proceedings to a "commencement by filing” system
 
 (see,
 
 L 1992, ch 216). As a result, service of process on the defendant no longer marks interposition of a claim for Statute of Limitations purposes. Instead, it is the "filing [of] a notice of petition or order to show cause and a petition with the clerk of the court in the county in which the special proceeding is brought” which constitutes the crucial date for determining whether the Statute of Limitations is satisfied
 
 (see,
 
 CPLR 304; see
 
 also,
 
 CPLR 203 [c] [1]; 105 [b]). However, service continues to mark commencement in the lower courts, i.e., New York City Civil Court, District, City, Town, and Village Courts. Petitioner argues that the commencement-by-filing amendments were intended to apply to all actions and proceedings, except those specifically excluded by the Legislature, and the failure to address proceedings originating in the Appellate Division was simply a legislative oversight. Respondents point to CPLR 304 and counter that the procedures described in that rule have no relevance with regard to proceedings originating in the Appellate Division, whose clerks do not assign index numbers or collect filing fees. Consequently, they argue, petitioner is relegated to service of the initiatory papers as the means of tolling the Statute of Limitations.
 

 We conclude that the filing of the notice of petition and petition with the Clerk of the Appellate Division was sufficient to toll the Statute of Limitations in this case. Under Tax Law
 
 *764
 
 §2016, a proceeding seeking review of a decision of the Tax Appeals Tribunal must be commenced within four months of the time the decision is served on the petitioner by the tribunal. Section 2016 provides that the proceeding should be commenced in "the appellate division of the supreme court, third department,” "in the manner provided by article seventy-eight of the civil practice law and rules” (Tax Law § 2016). Thus, section 2016 does not mandate or suggest that commencement by service is still required. Rather, the statute provides simply that proceedings are to be commenced in the same manner as under CPLR article 78. By reason of the 1992 amendments as indicated above, CPLR 304 now provides that the proceeding be commenced by the filing of a notice of petition and a petition with the clerk of the court in the county in which the proceeding is brought.
 

 In our view, petitioner reasonably read Tax Law § 2016 in combination with the CPLR to require the filing of his petition with the Clerk of the Court of the Appellate Division, Third Department — the Clerk of the only Court with jurisdiction over this matter and in which his petition could be heard. It would be unreasonable to expect petitioner to file the petition with Supreme or County Court when those courts do not have original jurisdiction over this matter. Nor are we persuaded that the obvious conclusion upon reading Tax Law § 2016 is that the service of process requirement continues to survive with respect to proceedings challenging determinations of the Tax Appeals Tribunal.
 

 Respondents correctly observe that the new filing provisions specifically refer only to proceedings commenced in Supreme Court and County Court and establish certain procedures and requirements which would tend not to be applicable or practicable in a proceeding originating in the Appellate Division. However, this irregularity alone does not compel the conclusion that the Legislature intended to exclude these proceedings from the scope of CPLR 304. Nowhere in the commencement-by-filing amendments and the corresponding legislative history is there a distinction between special proceedings originating in Supreme or County Court and those originating in the Appellate Division. Moreover, while the Legislature specifically excluded certain lower courts (New York City Civil Court, City Courts, District Courts, and Justice Courts) from the operation of CPLR 304 by contemporaneously amending the statutes regulating the procedure in those courts, it took no such action with regard to proceedings originating in the
 
 *765
 
 Appellate Division
 
 (see,
 
 Alexander, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C304:l, 1995 Pocket Part, at 43).
 

 In 1994, the Legislature amended several statutes to clarify that "filing” rather than "service” commenced the special proceedings regulated by those statutes
 
 (see,
 
 L 1994, ch 563). Among the statutes amended were Real Property Tax Law § 704 (1) and § 702 (3), which govern proceedings to review real property tax assessments. Trial court decisions held that the CPLR filing requirements were inapplicable to the RPTL provisions because they contained specific references to "service”
 
 (see, Matter of Baker,
 
 NYLJ, Apr. 21, 1993, at 26, col 1;
 
 Matter of McDonald’s Corp. v Assessor for Town of Hancock,
 
 159 Misc 2d 335). The Legislature, in response, removed the "service” references, thus clarifying that filing now marks commencement.
 

 Here, by contrast, no inconsistency exists between Tax Law § 2016 and CPLR 304
 
 (see,
 
 CPLR 101 [the CPLR "shall govern the procedure in civil judicial proceedings in all courts of the state and before all judges, except where the procedure is regulated by inconsistent statute”]). True, the 1994 "corrective” amendments did not address special proceedings originating in the Appellate Division; however, we find them indicative of the Legislature’s intent that
 
 all
 
 actions and proceedings not specifically excluded should come under the operation of the 1992 commencement-by-filing act
 
 (see,
 
 22 Siegel’s Prac Rev 2 [Aug. 1994] [Legislature hoped that 1994 amendments would correct all statutes containing language that conflicts with the intention to have special proceedings commenced upon filing]).
 

 In attempting to effectuate the Legislature’s intent in this case we note that "when the Legislature by the use of general language has given an act a general application, the failure to specify particular cases which it shall cover does not warrant the court in inferring that the Legislature intended their exclusion”, especially where, as here, the Legislature could easily have made its intention plain and actually did so in excluding New York’s lower courts only (McKinney’s Cons Laws of NY, Book 1, Statutes § 74, at 158). This maxim is especially forceful here in light of the potential for confusion inherent in having two different commencement rules for article 78 proceedings depending on whether they originate in Supreme Court or the Appellate Division
 
 (id.,
 
 at 158-159
 
 *766
 
 ["when the construction claimed is inconvenient, absurd, or leads to other objectionable consequences, the argument is especially sound that, if the Legislature had intended legislation resulting in such consequences, it would have said so in explicit language”]). We note that special proceedings originating in the Appellate Division are few in number
 
 (e.g.,
 
 Education Law § 6510; CPLR 506 [b]; Labor Law § 220 [8]; Public Health Law § 230-c [5]) and may not have been within the Legislature’s contemplation when it converted New York’s civil practice system from a commencement-by-service to commencement-by-filing method.
 

 In this case, petitioner reasonably attempted to satisfy the new filing requirements by filing with the Clerk of the Third Department, the Clerk of the only Court in which the instant proceeding could be heard. The safest practice, unquestionably, would have been to file
 
 and
 
 serve within the applicable limitations period. However, we are satisfied based on our examination of the intent and history of the commencement-by-filing act that the Legislature did not intend to exclude the instant proceeding from the operation of CPLR 304. Therefore, we hold that the instant proceeding was timely commenced on March 19, 1993 when petitioner filed the notice of petition and petition with the Clerk of the Appellate Division, Third Department.
 

 We note that our construction and interpretation attempts to effectuate the Legislature’s intent in the absence of explicit guidance therefrom. The problem raised by this case may be worthy of legislative attention.
 

 Finally, while we conclude that the proceeding was timely commenced, the petition should nevertheless be dismissed based on petitioner’s failure to properly effect service and acquire personal jurisdiction over respondents.
 

 Accordingly, the judgment of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Levine concur.
 

 Judgment affirmed, with costs.