Robert W. SEAVEY and Phyllis M. Seavey, Plaintiffs,

v.

CHRYSLER CORPORATION, Defendant.

No. 94 Civ. 3170 (MBM).

United States District Court, S.D. New York.

June 12, 1996.

Paul D. Rheingold, Thomas P. Valet, Patricia A. Houlihan, New York City, for Plaintiffs.

Nanette E. Decea, Cooper, Liebowitz, Royster & Wright, New York City, for Defendant.

## OPINION AND ORDER

MUKASEY, District Judge.

Robert and Phyllis Seavey have sued the Chrysler Corporation for damages for injuries sustained in an automobile collision. Chrysler moves for summary judgment pursuant to Fed.R.Civ.P. 56. For the reasons that follow, the motion is granted and the complaint is dismissed.

### I.

Plaintiffs are residents of New York City. (Compl. ¶ 1) On September 22, 1989, plaintiffs were riding in their 1985 Jeep Wagoneer in Southampton, New York when their vehicle collided with a 1968 Ford Mustang driven by Jason Korte, also a resident of New York. (*Id.* ¶ 5) Plaintiffs' Wagoneer was manufactured by the Jeep Corporation, a wholly owned subsidiary of American Motors Corporation. (*Id.* ¶ 6) In 1987, American Motors was acquired by Chrysler. (*Id.*)

In March 1991, plaintiffs sued Korte for negligence in Supreme Court, New York County. (Decea Aff. ¶ 4) The following year, with New York's three-year statute of limitations due to expire on September 22, 1992, plaintiffs sought to add Chrysler as a defendant. On September 2, 1992, attorneys for plaintiffs and Korte signed a stipulation permitting plaintiffs to file an amended complaint naming additional parties as defendants, but the parties did not seek leave of court for that step. (*Id.* Ex. A) On September 3, 1992, plaintiffs filed an amended complaint with the New York County Clerk naming Chrysler and several related entities as defendants. (*Id.* Ex. B) That complaint asserted claims for strict liability, negligence, and breach of warranty against the Chrysler entities. The complaint was served on Chrysler on September 10, 1992.

New York law provides that "[p]arties may be added ... *by the court,* on motion of any party or on its own initiative, at any stage of the action and upon such terms as may be just." N.Y.Civ.Prac.L. & R. ("CPLR") § 1003 (McKinney 1976) (emphasis supplied). In a motion served on November 20, 1992, plaintiffs belatedly sought authorization from the Court for the joinder of Chrysler as an additional defendant. Chrysler cross-moved for summary judgment on the ground that it had been added as a defendant without leave of court, in violation of the quoted provision.

At oral argument on December 11, 1992, Justice Edward Lehner granted plaintiffs leave to re-serve Chrysler with the amended complaint "without prejudice to Chrysler's position that service at such time would be untimely by reason of the three year statute of limitations." 156 Misc.2d 984, 595 N.Y.S.2d 628, 629 (Sup.Ct.New York County 1993). Service was effected later that month.

On December 29, 1992, attorneys for plaintiffs and Chrysler signed stipulations dismissing as defendants all Chrysler-controlled entities other than Chrysler. (Decea Aff. Ex. C)

In an opinion issued February 5, 1993, the Court granted plaintiffs' request for leave to name Chrysler as a defendant and denied Chrysler's cross-motion for summary judgment. The "prime issue" addressed by the Court was "whether service of a supplemen-

tal summons and amended complaint is validly made upon an added party when served without prior court approval, but with the consent of all existing parties." 595 N.Y.S.2d at 628. The Court acknowledged "decisions of the [Appellate Division for the] Second Department holding that notwithstanding the consent of all of the existing parties, the joinder of a new party without court approval is a nullity," *id.* (citing *Catanese v. Lipschitz,* 44 A.D.2d 579, 580, 353 N.Y.S.2d 250, 252 (2d Dep't 1974)), but rejected that authority and followed a more recent decision from the First Department to the contrary. *Id.* (citing *Snediker v. Rockefeller Center, Inc.,* 182 A.D.2d 585, 586, 583 N.Y.S.2d 364, 365 (1st Dep't 1992)). The Court ruled that Chrysler properly was added as a defendant when the company was served with the amended complaint on September 10, 1992. *Id.* at 630–31.

In resisting the cross-motion, plaintiffs had argued alternatively that Chrysler properly was served with court approval in December 1992, and that that service was timely because the filing of the amended complaint with the County Clerk on September 3, 1992 had tolled the statute of limitations. *Id.* at 629. Before 1992, §.203 of the CPLR provided that service, not filing, of a summons and complaint tolled the statute of limitations for claims asserted in the complaint. N.Y.Civ.Prac.L. & R. § 203(b)(1) (McKinney 1990). Section 203 also provided for a grace period for service under certain circumstances. Under the grace period provisions, service of a complaint within 60 days of the expiration of the statute of limitations would make the action timely if the complaint was filed with the County Clerk prior to expiration. *Id.* § 203(b)(5)(i); *see, e.g., Klishwick v. Popovicki,* 186 A.D.2d 173, 174, 587 N.Y.S.2d 955, 956 (2d Dep't 1992). Section 203 was amended in 1992, and now provides that filing rather than service tolls the statute of limitations in civil actions. N.Y.Civ. Prac.L. & R. § 203(c)(1) (McKinney Supp. 1996); *see generally Spodek v. New York State Comm'r of Taxation & Finance,* 85 N.Y.2d 760, 763, 628 N.Y.S.2d 256, 257, 651 N.E.2d 1275, 1276 (1995). Under the new commencement-by-filing regime, plaintiffs must serve the complaint within 120 days of filing. N.Y.Civ.Prac.L. & R. § 306–b(a) (McKinney Supp.1996).

The alternative argument asserted by plaintiffs before the state Court was premised on the applicability in that action of the CPLR's new commencement-by-filing rules. Under that assumption, the addition of Chrysler as a defendant would have been proper (because leave of court was obtained on December 11, 1992) and timely (because the complaint was filed on September 3, 1992 and served within 120 days of filing).

Because Justice Lehner found that the September 3 filing and September 10 service of the amended complaint were valid, he did not address plaintiffs' alternative argument and made no determination as to the validity or effect of the December 1992 service.

Two weeks after Justice Lehner issued his ruling, the New York Court of Appeals affirmed a decision of the Third Department holding that failure to obtain leave of court to add a new party under CPLR § 1003 is "a jurisdictional defect" requiring dismissal of all claims against that party. *Crook v. E.I. du Pont de Nemours & Co.,* 81 N.Y.2d 807, 595 N.Y.S.2d 388, 611 N.E.2d 289 (1993), *aff'g* 181 A.D.2d 1039, 582 N.Y.S.2d 581 (4th Dep't 1992). In light of the *Crook* decision, Justice Lehner vacated his original judgment and issued a new opinion dismissing the claims against Chrysler on November 1, 1993. 159 Misc.2d 407, 605 N.Y.S.2d 181 (Sup.Ct.New York County 1993). First, the Court held that "jurisdiction was not obtained by reason of the service upon [Chrysler] in September 1992." *Id.* 605 N.Y.S.2d at 183. Second, the Court rejected the alternative argument described above and found that the December 1992 service was untimely. The Court determined that the commencement-by-filing rules added to the CPLR in 1992 did not apply to the action because the action had been commenced in 1991. *Id.* (observing that commencement-by-filing amendments apply only to actions commenced on or after July 1, 1992).

The New York County Clerk entered a judgment dismissing all claims against Chrysler on December 8, 1993. The judgment order described Chrysler's motion as a motion for summary judgment dismissing the

amended complaint as "violative of CPLR 1003." (Decea Aff. Ex. F) Plaintiffs filed a notice of appeal, but did not pursue the appeal in the Appellate Division, with the result that the judgment became final. (*Id.* ¶ 14)

Anticipating the adverse November ruling, and seeking to preserve their claims against Chrysler, plaintiffs filed the present action in the United States District Court for the District of Minnesota on September 14, 1993. In their complaint, plaintiffs asserted claims for strict liability, negligence, and breach of warranty. (*Id.* Ex. H) In its answer (*id.* Ex I), Chrysler asserted as one of several defenses that the action was barred by New York's three-year statute of limitations. *See* N.Y.Civ.Prac.L. & R. § 214 (McKinney 1990).

In early 1994, plaintiffs moved for partial summary judgment on the statute of limitations defense, and Chrysler cross-moved to transfer the action to this district under 28 U.S.C. § 1404 (1994). In an opinion issued April 13, 1994, the Court granted both motions. No. Civ. 4–93–876 (D.Minn. Apr. 13, 1994).

■ The Court applied Minnesota choice of law rules in deciding the statute of limitations issue. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941). Generally, Minnesota courts follow a five-factor test to decide choice of law questions. *See Milkovich v. Saari*, 295 Minn. 155, 203 N.W.2d 408, 412 (1973). However, that test is applied only when there is a conflict on a matter of substantive law. Minnesota follows "the almost universal rule that matters of procedure and remedies [are] governed by the law of the forum state," *Davis v. Furlong*, 328 N.W.2d 150, 153 (Minn.1983) (citations omitted), and Minnesota courts treat statutes of limitations as procedural. *Nesladek v. Ford Motor Co.*, 46 F.3d 734, 736–37 (8th Cir.), *cert. denied*, — U.S. —, 116 S.Ct. 67, 133 L.Ed.2d 28 (1995); *In re Estate of Daniel*, 208 Minn. 420, 294 N.W. 465, 469 (1940). Accordingly, the Court applied Minnesota's four-year statute of limitations, Minn.Stat. § 541.05 (1988), and held that the action was timely filed. (Slip. Op. at 5–6)

Plaintiffs did not contest Chrysler's cross-motion to transfer the action here. The Court granted the cross-motion "because the accident occurred in New York and the evidence and witnesses are located there." (Slip.Op. at 4)

Chrysler now moves for summary judgment on the ground that plaintiffs' claims are barred under the doctrine of *res judicata.*

## II.

■ On a change of venue under 28 U.S.C. § 1404, the transferee court applies the substantive law, including the choice of law rules, of the transferor jurisdiction. *Ferens v. John Deere Co.*, 494 U.S. 516, 524–25, 110 S.Ct. 1274, 1280–81, 108 L.Ed.2d 443 (1990). Here, courts in the transferor jurisdiction, Minnesota, would have to honor the Full Faith and Credit Clause and judge the preclusive effect of Justice Lehner's decision according to the law of the rendering jurisdiction, New York. *See Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380, 105 S.Ct. 1327, 1331–32, 84 L.Ed.2d 274 (1985); 28 U.S.C. § 1738 (1994).

■ Under New York law, *res judicata*, or claim preclusion, "prohibits a party from relitigating any claim which could have been or which should have been litigated in a prior proceeding." *Coliseum Towers Associates v. County of Nassau*, 217 A.D.2d 387, 389, 637 N.Y.S.2d 972, 974 (2d Dep't 1996) (citations and quotation marks omitted). The doctrine operates to bar "all other claims arising out of the same transaction or series of transactions . . . , even if based upon different theories or if seeking a different remedy." *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357, 445 N.Y.S.2d 687, 688, 429 N.E.2d 1158, 1159 (1981).

■ In order to have *res judicata* effect, a judgment must be final and "on the merits." *Jimenez v. Shippy Realty Corp.*, 213 A.D.2d 377, 377, 622 N.Y.S.2d 983, 984 (2d Dep't 1995). A judgment dismissing a claim as barred by a New York statute of limitations is considered by New York courts to be a judgment on the merits with full *res judicata* effect. *Bray v. New York Life Ins.*, 851 F.2d 60, 64 (2d Cir.1988); *Gargiul v. Tomp-*

*kins,* 790 F.2d 265, 269 (2d Cir.1986); *Meegan S. v. Donald T.,* 64 N.Y.2d 751, 752, 485 N.Y.S.2d 982, 983, 475 N.E.2d 449, 449–50 (1984); *Smith v. Russell Sage College,* 54 N.Y.2d 185, 194, 445 N.Y.S.2d 68, 72, 429 N.E.2d 746, 749–50 (1981). In contrast, a dismissal for improper service or for any other jurisdictional defect does not result in a judgment on the merits. *Kokoletsos v. Semon,* 176 A.D.2d 786, 786, 575 N.Y.S.2d 116, 116 (2d Dep't 1991). The first question presented here is whether the state Court's November 1993 dismissal was on statute of limitations grounds or jurisdictional grounds.

### III.

■ Plaintiffs pressed two arguments in resisting dismissal of the state court proceeding. First, plaintiffs argued that the joinder of new parties did not require leave of court, and that therefore Chrysler properly was brought into the action as a defendant in September 1992. In its November 1, 1993 opinion, the Court summarily rejected that argument on the authority of the *Crook* decision. That finding was a determination that Chrysler was not made a party to the action in September 1992. *See Dauernheim v. Lendlease Cars, Inc.,* 202 A.D.2d 624, 625, 609 N.Y.S.2d 302, 303 (2d Dep't 1994) (failure to obtain court approval under CPLR § 1003 renders amended complaint "a legal nullity"). If that had been the only basis for decision, the judgment would have been based entirely on lack of personal jurisdiction and therefore not on the merits. However, the Court also addressed plaintiffs' alternative argument that "the consent of the court in December 1992 to add Chrysler as a party ... and the subsequent service on Chrysler later that month make this action timely in light of the filing of the supplemental summons and amended complaint with the County Clerk on September 3, 1992." 605 N.Y.S.2d at 183. That argument was premised on the December 1992 service of the complaint. The December service was not defective in any technical respect, because prior leave of court was obtained as required by CPLR § 1003 and because the service apparently complied with the other formalities required by the

CPLR. *See* N.Y.Civ.Prac.L. & R. § 308 (McKinney 1990). The December service thus gave the court personal jurisdiction over Chrysler and permitted the Court to reach the issue of whether the action had been timely commenced.

In considering plaintiffs' alternative argument, the Court did not mention CPLR § 3211(a)(5), the provision of New York law authorizing dismissal of an action that is barred by the statute of limitations. However, the Court explained that it was dismissing the claims against Chrysler because "the statute of limitations is not tolled until service is made upon a defendant, and in cases involving a supplementary summons the service can only be made after leave is granted by the court." 605 N.Y.S.2d at 183. Later in its decision, applying the relevant provisions of the CPLR, the Court noted that "the statute of limitations expired on September 22, 1992." That language leaves no doubt as to the ground for decision.

■ Judgment was entered in favor of Chrysler on December 8, 1993. The judgment order, signed only by the New York County Clerk, describes the dismissal as based on the complaint being "violative of CPLR 1003." (Decea Aff. Ex. F) However, the December 8 judgment is not really inconsistent with the November 1 opinion because the judgment order incorporates by reference the Court's "Decision and Order dated November 1, 1993." (*Id.*) To the extent the judgment may be construed to conflict with the written decision upon which it is based, the written decision controls. *Calm Lake Dev., Inc. v. Town Bd. of Town of Farmington,* 213 A.D.2d 979, 980, 624 N.Y.S.2d 484, 485 (4th Dep't 1995); *Green v. Morris,* 156 A.D.2d 331, 331, 548 N.Y.S.2d 899, 900 (2d Dep't 1989), *appeal denied,* 75 N.Y.2d 705, 552 N.Y.S.2d 927, 552 N.E.2d 175 (1990); *Di Prospero v. Ford Motor Co.,* 105 A.D.2d 479, 480, 480 N.Y.S.2d 784, 785 (3d Dep't 1984). Because the limitations finding was a necessary ground for the Court's decision, the dismissal operates as a judgment on the merits and bars the present action under the doctrine of *res judicata.*[1] *Russell Sage College,* 54 N.Y.2d at 194, 445 N.Y.S.2d at 72.

1. The strategic swordplay in this action results in part from the anomaly that the statute of limita-

## IV.

Plaintiffs argue that even if Justice Lehner's November 1, 1993 decision was on limitations grounds, *res judicata* does not operate to bar this lawsuit. Plaintiffs cite various decisions and secondary authority for the proposition that a dismissal on statute of limitations grounds does not preclude suit in another jurisdiction with a longer statute of limitations that has not expired. For example, Moore's *Federal Practice* states:

> Where there are different limitations periods applicable in different jurisdictions, the claim may be dead in one but alive in another. Under the traditional view, when the statute of limitations bars only the remedy and not the right, dismissal on the ground of a time bar establishes that the action cannot be brought again in a jurisdiction in which the statute is applicable, but does not adjudicate the merits of the controversy or the issue of whether it is time-barred in another jurisdiction. This rule remains the prevailing view with regard to judgments rendered in the state courts.

1B James W. Moore & Jo Desha Lucas, *Moore's Federal Practice* ¶ 0.409[6] (1993); *accord Martel v. Stafford*, 992 F.2d 1244, 1245–46 (1st Cir.1993) ("the general rule is that a dismissal on limitations grounds does not bar the claim generally, but only bars a second action in the same jurisdiction or in a jurisdiction that would apply the same statute of limitations"); Restatement (Second) of Judgments § 19 cmt. f (1982) ("Generally, a judgment that operates to bar another action on the same claim in one state will, under the Full Faith and Credit Clause of the United States Constitution, bar an action on the same claim in another state.... This may not necessarily be the case, however, if the action is barred by the statute of limitations of the first state but not of the second...."); 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure: Jurisdiction* § 4441 (1981) ("dismissal on limitations grounds merely bars the remedy in the first system of courts, and leaves a second system of courts free to grant a remedy that is not barred by its own rules of limitations").

The quoted language is not inconsistent with the result here. The Moore treatise states that a claim dismissed as time-barred in one jurisdiction may be viable in a jurisdiction with a longer statute of limitations if the dismissal is deemed by the rendering jurisdiction not to "adjudicate the merits of the controversy." 1B Moore & Lucas, *supra*, ¶ 0.409[6]. The cases cited by the Moore treatise and relied upon by plaintiffs here involved dismissals not treated as "on the merits" under the applicable preclusion rules. *See Bank of the United States v. Donnally*, 33 U.S. (8 Pet.) 361, 370, 8 L.Ed. 974 (1834) (Kentucky dismissal on limitations grounds is not "a judgment upon the merits of the claim"); *Henson v. Columbus Bank & Trust Co.*, 651 F.2d 320, 324–25 (5th Cir.) (agreeing with plaintiff that Georgia dismissal on limitations grounds is "not an adjudication on the merits"), *reh'g denied*, 664 F.2d 291 (5th Cir.1981); *Hernandez Jimenez v. Calero Toledo*, 576 F.2d 402, 404 (1st Cir.1978) (Puerto Rico Superior Court dismissal on limitations grounds was not on the merits); *Hartmann v. Time, Inc.* 166 F.2d 127, 138 (3d Cir.1947) (under Pennsylvania law,[2] dismissals on limi-

tions is deemed procedural for purposes of choice of law in Minnesota, but "on the merits" (*i.e.*, substantive) for purposes of claim preclusion in New York. Minnesota choice of law rules treat limitations issues as procedural, with the result that Minnesota's extended limitations period applies in all actions filed in that state. That rule permits and encourages plaintiffs to file in Minnesota lawsuits that have virtually nothing to do with that state or its residents. Meanwhile, New York's preclusion rules treat the same issues as substantive, and thus give defendants an incentive to race to the courthouse to obtain declaratory judgments barring potential claims on statute of limitations grounds, in order to preempt the prosecution of such claims in other jurisdictions.

2. The prior judgments at issue in *Hartmann* were rendered by a federal district court in the District of Columbia and a New York state trial court. In applying Pennsylvania law to determine the preclusive effect of those adjudications, the *Hartmann* Court appears to have overlooked earlier Supreme Court decisions holding that preclusive effect must be measured according to the rules of the jurisdiction that rendered the decision. *See Riley v. New York Trust Co.*, 315 U.S. 343, 348–49, 62 S.Ct. 608, 611–12, 86 L.Ed. 885 (1942); *Roche v. McDonald*, 275 U.S. 449, 451–52, 48 S.Ct. 142, 142–43, 72 L.Ed. 365 (1928); *see gen-*

tations grounds are not on the merits and therefore do not enjoy *res judicata* effect), *cert. denied,* 334 U.S. 838, 68 S.Ct. 1495, 92 L.Ed. 1763 (1948); *Warner v. Buffalo Drydock Co.,* 67 F.2d 540, 541 (2d Cir.1933) (Ohio dismissal on limitations grounds "is not a decision upon the merits"), *cert. denied,* 291 U.S. 678, 54 S.Ct. 529, 78 L.Ed. 1066 (1934).[3]

Here, New York preclusion rules apply, and New York's Court of Appeals has expressly held in a relatively recent decision that a dismissal on limitations grounds is a dismissal on the merits with *res judicata* effect. *Smith v. Russell Sage College,* 54 N.Y.2d 185, 194, 445 N.Y.S.2d 68, 72, 429 N.E.2d 746, 749–50 (1981); *see generally Rose v. Town of Harwich,* 778 F.2d 77, 80 (1st Cir.1985) (recognizing in several jurisdictions a "clear trend toward giving claim-preclusive effect to dismissals based on statutes of limitations") (citing cases), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2278, 90 L.Ed.2d 720 (1986). Because a Minnesota court would have to give Justice Lehner's November 1 decision the same preclusive effect that that judgment would enjoy in New York, the present action is barred. *See* 1B Moore & Lucas, *supra,* ¶ 0.409[6] ("A valid in personam judgment on the merits in favor of the defendant extinguishes the original cause of action and the plaintiff is thereafter barred by res judicata from maintaining an action upon it").

The present lawsuit is barred not simply because plaintiffs waited more than three years before suing Chrysler in New York, but because a New York court based a judgment dismissing plaintiffs' claims on the expiration of the statute of limitations. If plaintiffs had never filed suit against Chrysler in New York, this action might have been viable notwithstanding the expiration of the New York statute of limitations, because *res judi-*

cata depends upon a valid final judgment by a court of competent jurisdiction.

\* \* \*

For the reasons set forth above, defendant's motion for summary judgment is granted, and the complaint is dismissed.

SO ORDERED.

---

*erally* Barbara Ann Atwood, *State Court Judgments in Federal Litigation: Mapping the Contours of Full Faith and Credit,* 58 Ind.L.J. 59, 59 (1982) (full faith and credit principle "frequently has been overlooked or disregarded by the federal courts when called upon to assess the preclusive effects of a prior state court determination or decree").

**3.** The holding in *Warner* was superseded in 1938 by Rule 41 of the Federal Rules of Civil Procedure. *See Bertha Building Corp. v. National Theatres Corp.,* 248 F.2d 833, 840 (2d Cir.1957), *cert. denied,* 356 U.S. 936, 78 S.Ct. 777, 778, 2 L.Ed.2d 811 (1958).