■ In the Matter of DIONNE N. GRAHAM et al., Respondents, v COUNTY OF FULTON et al., Respondents, and VILLAGE OF NORTHVILLE et al., Appellants. [652 NYS2d 354] —Crew III, J. Appeal from an order of the Supreme Court (Best, J.), entered April 24, 1996 in Fulton County, which, *inter alia*, granted petitioners' application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

On May 29, 1994, petitioners were passengers in a Village of Northville police car when it allegedly collided with a Fulton County Sheriff's car. On August 23, 1995, petitioners purportedly filed an unsigned order to show cause with the Fulton County Clerk seeking leave to file a late notice of claim (*see*, General Municipal Law § 50-e [5]), together with a summons and complaint. They also purchased an index number and a request for judicial intervention. Thereafter, they submitted the order to show cause to Supreme Court and were advised that certain revisions had to be made before the order would be signed. Having made the required revisions, petitioners'

counsel forwarded the proposed order to show cause to Supreme Court on September 6, 1995, 10 days after the time limitation within which to seek leave (see, General Municipal Law § 50-e [5]; § 50-i [1]). Supreme Court thereafter signed the proposed order and it was served upon respondents Village of Northville and Village of Northville Police Department. The Police Department cross-moved to dismiss on the ground that the proceeding was not commenced within one year and 90 days of the accident. Supreme Court, apparently concluding that the proceeding was commenced upon the filing of the aforesaid papers with the Fulton County Clerk (see, CPLR 304; Matter of Spodek v New York State Commr. of Taxation & Fin., 85 NY2d 760), denied the motion and this appeal ensued.

We reverse. Although the parties debate whether petitioners attempted to commence an action or a special proceeding, the issue on appeal ultimately distills to whether petitioners' application for leave to file a late notice of claim—however it be characterized—was timely. Although petitioners contend the "filing" of an unsigned order to show cause with the Fulton County Clerk prior to the expiration of the statutory period constituted a timely application for leave, we cannot agree. In this regard, we previously have held that the filing of a notice of petition, which lacked a return date, is jurisdictionally defective (see, Matter of Vetrone v Mackin, 216 AD2d 839). That being the case, it is inconceivable that petitioners' filing of an unsigned order to show cause could effectively serve as a timely application for leave to file a late notice of claim. Moreover, even assuming that the filing of an unsigned order to show case was not a fatal defect, the record before us contains insufficient proof to permit us to conclusively determine that petitioners' unsigned order to show cause indeed was filed in the Fulton County Clerk's office on August 23, 1995. For all these reasons, we are of the view that Supreme Court erred in granting petitioners' application. Having deemed petitioners' application to be untimely, it necessarily follows that the Police Department's cross motion for summary judgment dismissing the petition against it should have been granted. We have examined petitioners' remaining contentions and find them to be lacking in merit.

Mikoll, J. P., White, Casey and Peters, JJ., concur. Ordered that the order is reversed, on the law, without costs, petitioners' application to serve a late notice of claim denied and respondent Village of Northville Police Department's cross motion for summary judgment dismissing the petition against it granted.