■ In the Matter of MICHAEL ERDHEIM, Appellant, v DANIEL A. SENKOWSKI, as Superintendent of Clinton Correctional Facility, et al., Respondents. [657 NYS2d 1015] —Appeal from a judgment of the Supreme Court (Harris, J.), entered August 2, 1996 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for lack of personal jurisdiction.

While an inmate at Clinton Correctional Facility in Clinton County, petitioner was designated a "central monitoring case" due to the fact that he presented a security risk to the facility. As a result, he was removed from his job at the law library. Thereafter, petitioner filed a grievance which was denied by the Central Office Review Committee. The denial of the grievance was sustained upon administrative appeal and, on January 10, 1996, petitioner was notified by the Director of the Inmate Grievance Program that he had exhausted his administrative remedies. He subsequently commenced this CPLR article 78 proceeding. Respondents, however, moved to dismiss the petition on the grounds that they had not been properly served with the order to show cause and petition and that the proceeding was not timely commenced. Supreme Court granted the motion and dismissed the petition for lack of personal ju-

risdiction upon finding that respondents had not been properly served. Petitioner appeals.

Initially, respondents concede that they were properly served with the order to show cause and petition and that Supreme Court should not have dismissed the petition for lack of jurisdiction. Inasmuch as the record includes an affidavit of service which indicates that petitioner served the papers in a timely manner in accordance with the directions contained in the order to show cause, we agree. Nevertheless, we find that the petition was properly dismissed because the proceeding was not commenced in a timely fashion. Although there is some confusion over exactly when petitioner received notice that his grievance had been denied upon administrative appeal, it is clear that he knew of this fact as of January 10, 1996 when he was advised by the Director of the Inmate Grievance Committee that his administrative remedies had been exhausted. Since petitioner did not commence this CPLR article 78 proceeding by filing his papers with the Albany County Clerk until May 13, 1996 (see, Matter of Hauver v New York State Div. of Parole, 236 AD2d 751; Matter of Graham v County of Fulton, 235 AD2d 824), we find that the proceeding is time barred (see, CPLR 217; see also, Matter of Fry v Village of Tarrytown, 89 NY2d 714; Matter of Rodriguez v Coombe, 233 AD2d 647; Matter of Di Rose v New York State Dept. of Corrections, 221 AD2d 736). Accordingly, the petition was properly dismissed.

Cardona, P. J., Mikoll, Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.