■ LOUISE BROWN et al., Appellants, v CITIBANK, N.A., Respondent, et al., Defendant. [757 NYS2d 586] —In an action, inter alia, for a judgment declaring null and void a stipulation of settlement and quitclaim deed, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered March 27, 2002, as

granted those branches of the motion of the defendant Citibank, N.A., which were to dismiss the first and third causes of action in the complaint insofar as asserted against it pursuant to, inter alia, CPLR 3211 (a) (5).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion of the defendant Citibank, N.A., which were to dismiss the first and third causes of action of the complaint insofar as asserted against it are denied, and the first and third causes of action are reinstated against that defendant.

The Supreme Court erred in finding that the doctrines of res judicata and collateral estoppel barred the plaintiffs' first and third causes of action. In order for res judicata to apply, the prior determination must have been brought to a final conclusion (*see O'Brien v City of Syracuse,* 54 NY2d 353, 357 [1981]; *Smith v Russell Sage Coll.,* 54 NY2d 185, 194 n 3 [1981]; *Matter of Miller v Kozakiewicz,* 289 AD2d 494 [2001]; *CRK Contr. of Suffolk, v Brown & Assoc.,* 260 AD2d 530 [1999]; *Jimenez v Shippy Realty Corp.,* 213 AD2d 377 [1995]).

The order of the Surrogate's Court dated August 4, 1998, upon which the defendant Citibank, N.A. (hereinafter Citibank), relies for this defense, was not final. Indeed, it provided that its determination regarding the objections to the second supplemental accounting and Citibank's motion for summary judgment dismissing those objections did "not preclude respondents [plaintiffs herein] from objecting to, inter alia, [the executrix's] commencement of the action for partition and the terms of the transfer ultimately consummated as surchargeable actions occurring after August 31, 1991. To the foregoing extent, respondents [*sic*] objections regarding the transfer of 32 Sycamore remain viable."

Collateral estoppel will apply only if there is an identity of issues decided in the prior action that are decisive of the current one, and if the plaintiffs had a full and fair opportunity to contest the prior determination (*see Kaufman v Eli Lilly & Co.,* 65 NY2d 449, 455 [1985]; *Rebh v Rotterdam Ventures,* 252 AD2d 609, 610 [1998]; *Koether v Generalow,* 213 AD2d 379, 380 [1995]; *Jimenez v Shippy Realty Corp., supra*). The Surrogate's Court narrowly decided to dismiss the plaintiffs' objections to the partition action and quitclaim deed on the ground that they violated the decedent's will. This is not the same issue tendered in the first cause of action in the case at bar which alleges that the stipulation in the partition action and the quitclaim deed were null and void because the sale was consummated without the permission of the Surrogate's Court

or of the beneficiaries under the decedent's will. The third cause of action in the case at bar is also different because it challenges the same stipulation and deed on the ground that the property had not been appraised in accordance with the stipulation of divorce between the decedent and the plaintiff Louise Brown.

Accordingly, the Supreme Court should have denied those branches of the motion of the defendant Citibank pursuant to CPLR 3211 (a) (5) which were to dismiss the first and third causes of action as barred by res judicata and collateral estoppel. We do not review the Supreme Court's dismissal of the second cause of action since the plaintiffs improperly addressed this cause of action on appeal for the first time in their reply brief (*see Soon Rae Kim v Caesar Chemists,* 297 AD2d 797, 798 [2002]; *Matter of Allen,* 268 AD2d 520, 521 [2000]). Krausman, J.P., Townes, Crane and Mastro, JJ., concur.