■ James I. Wynn, Sr., Appellant, v Security Mutual Insurance Co. et al., Respondents. [784 NYS2d 467]—

Appeal from an order of the Supreme Court, Monroe County (William P. Polito, J.), entered December 31, 2002. The order granted defendants' motion for summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action on January 18, 2002 seeking damages for the allegedly fraudulent conduct of defendants in their refusal to provide plaintiff with coverage under a homeowner's insurance policy issued by defendant Security Mutual Insurance Co. and procured through defendant Steinmiller Associates, Inc. Defendants moved for summary judgment on the grounds that the action is barred by res judicata and that the action is barred by the six-year statute of limitations for fraud. Supreme Court granted defendants' motion on both grounds.

We agree with plaintiff that, because two prior actions sounding in fraud and commenced in Rochester City Court against Security Mutual Insurance Co. were dismissed based upon plaintiff's failure to obtain personal jurisdiction, neither dismissal was the equivalent of a final disposition "on the merits," and the doctrine of res judicata does not apply (*see Lamar Outdoor Adv. v City Planning Commn. of Syracuse*, 296 AD2d 841, 842 [2002], citing *Kokoletsos v Semon*, 176 AD2d 786, 787 [1991], and *Van Dussen-Storto Motor Inn v Rochester Tel. Corp.*, 63 AD2d 244, 249 [1978]). We nonetheless conclude that defendants made a prima facie showing of entitlement to judgment as a matter of law on the ground that this action is barred

by the six-year limitations period for fraud (*see* CPLR 213 [8]), and plaintiff failed to raise a triable issue of fact in opposition (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In support of their motion, defendants submitted evidence establishing that the alleged fraud occurred, at the latest, in May 1995 and that this action was commenced on January 18, 2002, which is outside the six-year limitations period. In opposition, plaintiff did not submit any evidence in admissible form establishing the existence of facts to the contrary.

Plaintiff's remaining contention is not preserved for our review and is in any event meritless. Present—Pigott, Jr., P.J., Pine, Scudder, Martoche and Lawton, JJ.