■ PETER LITTLEFIELD, as Father, Natural Guardian and Trustee for PETER LITTLEFIELD, JR., and Another, Infants, Appellant, v GOLDOME BANK et al., Respondents.—Order unanimously modified on the law and as modified affirmed with costs to plaintiff in accordance with the following memorandum: Plaintiff, on behalf of his son and daughter, and on behalf of the class of depositors similarly situated, commenced an action asserting seven causes of action based on defendant's imposition of a $3 quarterly charge on accounts with a balance below $250. Plaintiff had opened two accounts on behalf of his children in 1981 and he claimed that this charge was imposed without notice or proper authority in 1984.

Defendant moved to dismiss the complaint for failure to state a cause of action. Special Term's written decision indicated an intent to dismiss all but the first cause of action and, *sua sponte,* to transfer it to City Court. The order signed, however, dismissed all but the first and seventh causes of actions and transferred them to City Court. To the extent that the order did not reflect the dismissal of the seventh cause of

action seeking punitive damages, the order was inconsistent with the decision, which controls *(Di Prospero v Ford Motor Co.,* 105 AD2d 479, 480), and the order is deemed resettled accordingly. Since there is no cause of action for punitive damages, Special Term properly dismissed it *(Collision Plan Unlimited v Bankers Trust Co.,* 63 NY2d 827, 831).

The issue at this juncture is not whether the claims can be proven, but whether causes of action can reasonably be implied *(Cohn v Lionel Corp.,* 21 NY2d 559, 562). Special Term erred in dismissing the fifth and sixth causes of action. The former sufficiently alleges a cause of action for deceptive business practices under General Business Law §§ 349 and 350 and the latter sufficiently states a cause of action on behalf of the proposed class *(see,* 3 Carmody-Wait 2d, NY Prac § 19:177). The fifth and sixth causes of action therefore must be reinstated.

We further hold that Special Term's transfer of the action to Buffalo City Court was premature, and must be reversed. (Appeal from order of Supreme Court, Erie County, Flaherty, J.—dismiss cause of action.) Present—Denman, J. P., Boomer, Pine, Balio and Davis, JJ.