■ FAY GREEN, Respondent, v KAY T. MORRIS et al., Appellants.—In an action to determine adverse claims to real property, and recover damages, the defendants appeal from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), dated January 28, 1988, which, after a nonjury trial, *inter alia,* declared that the plaintiff was the lawful owner of the property in question, and awarded the plaintiff damages.

Ordered that the judgment is modified, on the law, by deleting therefrom the provision which awarded the plaintiff damages; as so modified, the judgment is affirmed, without costs or disbursements.

We conclude that the findings of fact made by the trial court are fully supported by the weight of the evidence. The plaintiff proved that the defendants conveyed the property in question to her by virtue of a deed recorded in the office of the Dutchess County Clerk on June 17, 1981. We further find, contrary to the defendants' contention, that the conveyance of this property to the plaintiff was unaffected by fraud, duress or coercion, and was otherwise lawful.

The judgment appealed from, which was evidently settled on notice, also contains a provision which awards the plaintiff the principal sum of $5,000. This does not conform with the terms of the trial court's decision dated December 21, 1987, which states that "[t]here is insufficient evidence in the record * * * to sustain the [plaintiff's] claim for monetary damages". We agree with the holding of the trial court in its decision.

When there is an inconsistency between a judgment and the decision upon which it is based, the decision controls *(see, Littlefield v Goldome Bank,* 142 AD2d 978, 979; *Di Prospero v Ford Motor Co.,* 105 AD2d 479, 480; *Rowlee v Dietrich,* 88 AD2d 751, 752; Siegel, NY Prac § 250, at 308; 2 Carmody-Wait 2d, NY Prac § 8:91, at 113). Such an inconsistency may be corrected either by way of motion for resettlement or on appeal (CPLR 2221, 5019 [a]; *Young v Casabonne Bros.,* 145 AD2d 244, 248; *Rowlee v Dietrich, supra; Matter of Perry v Zarcone,* 77 AD2d 881, 882; 5 Weinstein-Korn-Miller, NY Civ

Prac ¶ 5019.05). Bracken, J. P., Lawrence, Rubin and Balletta, JJ., concur.