■ JOHN J. CURRY, Appellant, v PATRICIA CURRY, Respondent. [789 NYS2d 307]—In a matrimonial action in which the parties were divorced by judgment dated August 8, 1997, the plaintiff former husband appeals, by permission, as limited by his brief, from so much of a qualified domestic relations order of the Supreme Court, Richmond County (Imperato, J.H.O.), dated October 30, 1997, as amended by an order of the same court (Panepinto, J.), dated October 17, 2003, as differs from the decision after trial and judgment of divorce.

Ordered that the qualified domestic relations order, as amended, is modified, on the law, by deleting the fourth, twelfth, and sixteenth decretal paragraphs thereof, and substituting for the fourth decretal paragraph thereof the following: "Ordered the term 'Retirement Allowance' means the total amount payable to the Participant, whether in the form of pension or annuity, or both, by the Retirement System pursuant to the terms of the Retirement System; and it is further;" as so modified, the qualified domestic relations order, as amended, is affirmed insofar as appealed from, without costs or disbursements.

The parties were divorced in August 1997. On October 30, 1997, a qualified domestic relations order (hereinafter QDRO), which recited that it was made upon the stipulation of the parties, was drafted by the defendant's attorney and signed by the Supreme Court. The plaintiff claims that he was unaware of this QDRO until "sometime in 1998." He appealed directly from the QDRO in December 1999, and in June 2000 this Court dismissed his direct appeal from the QDRO on the ground that it was entered on consent. This Court later denied his motion to recall and vacate that order, without prejudice to his seeking resettlement of the QDRO in the Supreme Court. The plaintiff's subsequent motion for resettlement was granted only to the extent of removing the provision of the QDRO stating that it was entered upon stipulation. The plaintiff, on this appeal, now seeks modification of certain provisions of the QDRO, as amended, which he claims do not conform to the terms of the decision after trial and the judgment of divorce, or to vacate the QDRO, as amended.

A judgment or order must conform strictly to the court's decision (*see Pauk v Pauk,* 232 AD2d 386, 390-391 [1996]; *Di Prospero v Ford Motor Co.,* 105 AD2d 479, 480 [1984]). Where there is an inconsistency between a judgment or order and the decision upon which it is based, the decision controls (*see Madison III Assoc. Ltd. Partnership v Brock,* 258 AD2d 355 [1999]; *Verdrager v Verdrager,* 230 AD2d 786 [1996]; *Green v Morris,* 156 AD2d 331 [1989]; *Littlefield v Goldome Bank,* 142 AD2d 978 [1988]; *Di Prospero v Ford Motor Co., supra*). In the present case, the plaintiff correctly argues that the fourth, twelfth, and sixteenth decretal paragraphs of the QDRO, as amended, are not based upon any provision of the decision after trial or judgment of divorce. Thus, the fourth, twelfth, and sixteenth decretal paragraphs must be deleted, and the definition of "Retirement Allowance" previously contained in the fourth decretal paragraph must be replaced by the definition provided by statute (*see* Retirement and Social Security Law § 210 [b]). Florio, J.P., Smith, Rivera and Fisher, JJ., concur.