CAROLANN McLOUGHLIN, Respondent, v THOMAS McLOUGHLIN, Appellant. [882 NYS2d 203]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Orange County (McGuirk, J.), dated October 25, 2007, which, after a nonjury trial, inter alia, awarded the plaintiff maintenance in the sum of $800 per month for a period of four years, awarded the plaintiff child support in the sum of $1,470 per month, directed him to pay 65% of unreimbursed health care expenses for the children, directed him to pay 65% of verified childcare expenses, awarded the plaintiff a credit in the sum of $25,000 for a separate property contribution toward the purchase of the marital residence, and awarded the plaintiff the right to claim the parties' children as dependents for State and Federal income tax purposes.

Ordered that the judgment is modified, on the law, (1) by deleting the provision thereof awarding the plaintiff maintenance in the sum of $800 per month for a period of four years, and substituting therefor a provision awarding the plaintiff maintenance in the sum of $800 per month for a period of four years or until the death of either party or the plaintiff's remarriage, whichever shall occur sooner, (2) by deleting the provision thereof awarding the plaintiff child support in the sum of $1,470 per month, (3) by deleting the provision thereof directing the

defendant to pay 65% of unreimbursed healthcare expenses for the children, (4) by deleting the provision thereof directing the defendant to pay 65% of verified childcare expenses, (5) by deleting the provision thereof awarding the plaintiff a credit in the sum of $25,000 for a separate property contribution toward the purchase of the marital residence, (6) by adding thereto a provision awarding the defendant a credit for his payment of the parties' 2004 tax liability, and (7) by deleting the provision thereof awarding the plaintiff the right to claim the parties' children as dependents for state and federal income tax purposes, and substituting therefor a provision awarding the defendant the right to claim the oldest child as a dependent for state and federal income tax purposes and the plaintiff the right to claim the two younger children as dependents for state and federal income tax purposes; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for further proceedings in accordance herewith, a new determination of the defendant's child support obligation and the percentage of his share of unreimbursed healthcare expenses and verified childcare expenses, and the entry of an appropriate amended judgment thereafter; and it is further,

Ordered that pending the new determination, the defendant shall pay child support to the plaintiff in the sum of $1,470 per month, with any overpayment to be credited against future payments after the entry of the amended judgment.

"[T]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts" (*Wortman v Wortman*, 11 AD3d 604, 606 [2004]). In determining the appropriate amount and duration of maintenance, the court must consider, among other factors, the standard of living of the parties, the income and property of the parties, the duration of the marriage, the health of the parties, and the present and future earning capacity of the parties (*see* Domestic Relations Law § 236 [B] [6] [a]; *Meccariello v Meccariello*, 46 AD3d 640, 641-642 [2007]; *Griggs v Griggs*, 44 AD3d 710, 711-712 [2007]). Although we agree that the court providently exercised its discretion in determining the amount and duration of maintenance to be awarded to the plaintiff, the court should have included a provision that the award of maintenance in the sum of $800 for a period of four years was for that duration or until the death of either party or the plaintiff's remarriage, whichever shall occur sooner (*see* Domestic Relations Law § 236 [B] [1] [a]; *Haines v Haines*, 44 AD3d 901, 903 [2007]; *Gold v Gold*, 276 AD2d 587, 590 [2000]).

Similarly, in determining the amount of child support, the Supreme Court failed to set forth the manner in which the incomes of the parties and their pro rata shares of child support were calculated, and to adequately explain the application of the "precisely articulated, three-step method for determining child support" pursuant to the Child Support Standards Act (hereinafter the CSSA) (*Matter of Cassano v Cassano,* 85 NY2d 649, 652 [1995]; *see Sirgant v Sirgant,* 35 AD3d 437, 438 [2006]). Additionally, the Supreme Court failed to reduce the defendant's income by the amount of maintenance paid to the plaintiff before determining his child support obligation, and failed to direct a concomitant increase in the child support obligation upon the termination of the maintenance obligation (*see* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]; *Navin v Navin,* 22 AD3d 474, 475 [2005]; *Rohrs v Rohrs,* 297 AD2d 317, 318 [2002]; *Frei v Pearson,* 244 AD2d 454, 455-456 [1997]). The Supreme Court also failed to deduct from the defendant's income the plaintiff's share of the defendant's disability pension, which was part of her distributive award (*see Morrissey v Morrissey,* 259 AD2d 472, 473 [1999]).

Since the Supreme Court failed to properly calculate child support pursuant to the CSSA, we remit the matter to the Supreme Court, Orange County, for a recalculation of the defendant's child support obligation (*see Donovan v Szlepcsik,* 52 AD3d 563, 564 [2008]; *Irene v Irene,* 41 AD3d 1179, 1181 [2007]). Moreover, since the defendant's share of unreimbursed health care expenses and verified childcare expenses is based on the amount of child support that he is obligated to pay, we also remit the matter to the Supreme Court, Orange County, for a recalculation of his share of those expenses.

The Supreme Court improperly awarded the plaintiff a credit in the sum of $25,000 for a separate property contribution toward the purchase of the marital residence. Although the plaintiff testified that $25,000 of the down payment on the marital residence was paid with her separate funds, she offered no other evidentiary support for her claim (*see Romano v Romano,* 40 AD3d 837, 838 [2007]; *Murphy v Murphy,* 4 AD3d 460, 461 [2004]). Since the plaintiff failed to meet her burden of establishing that the $25,000 was separate property, she was not entitled to a credit. The defendant also was entitled to a credit for one half of the taxes he paid for the parties' joint 2004 tax liability (*see Purpura v Purpura,* 193 AD2d 793, 796 [1993]; *Shahidi v Shahidi,* 129 AD2d 627, 630 [1987]).

A judgment or order must conform strictly to the court's decision (*see Curry v Curry,* 14 AD3d 646, 647 [2005]; *Pauk v Pauk,*

232 AD2d 386, 390-391 [1996]). "Where there is an inconsistency between a judgment or order and the decision upon which it is based, the decision controls" (*Curry v Curry,* 14 AD3d at 647). Here, that portion of the judgment which awarded the plaintiff the right to claim all the parties' children as dependents for state and federal income tax purposes does not conform to the court's decision, which stated that the defendant would be awarded the right to claim the oldest child for tax purposes. Consequently, we modify that provision of the judgment accordingly.

The defendant's remaining contentions are without merit. Rivera, J.P., Dillon, Belen and Hall, JJ., concur.