In an action for a divorce and ancillary relief, the defendant appeals, as limited by her notice of appeal and brief, from so much of a judgment of the Supreme Court, Rockland County (Walsh II, J.), dated April 23, 2012, as, upon an amended decision of the same court dated December 15, 2011, made after a nonjury trial, (1) awarded the plaintiff child support in the sum of $1,789 per month, (2) awarded title to the marital residence *787 to the plaintiff and the three children of the marriage, (3) failed to award her a portion of a certain savings account maintained in the plaintiffs name, (4) directed her to pay 37% of the college expenses of the parties’ children, (5) failed to direct the plaintiff to maintain medical, dental, prescription, and optical insurance for the benefit of the unemancipated children of the marriage, and (6) failed to include the notice required by Domestic Relations Law § 236 (B) (7) (d).
Ordered that the judgment is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof awarding the plaintiff child support in the sum of $1,789 per month, and substituting therefor a provision awarding the plaintiff child support in the sum of $1,341 per month, subject to reduction as each of the parties’ children reaches the age of 21 or is otherwise emancipated, (2) by deleting the provision thereof directing the defendant to pay 37% of the college expenses of the parties’ children, (3) by deleting the provision thereof awarding title to the marital residence to the plaintiff and the parties’ children, and substituting therefor a provision awarding the plaintiff exclusive possession of the marital residence until the parties’ youngest child reaches the age of 18 or graduates from high school, whichever occurs first, whereupon the marital residence shall be sold and any proceeds, after application of any appropriate credits, shall be divided equally between the parties, (4) by adding thereto a provision directing the plaintiff to maintain medical, dental, prescription, and optical insurance for the benefit of the unemancipated children of the marriage, and (5) by adding thereto a provision pursuant to Domestic Relations Law § 236 (B) (7) (d) notifying the parties of their right to seek a modification of the child support; as so modified, the judgment is affirmed insofar as appealed from, with costs to the defendant.
The plaintiff and the defendant were married in 1998, and have three children, now ages 14, 10, and 6. Upon the parties’ separation, they each petitioned for custody of the children. By order of the Family Court, Rockland County, dated January 6, 2011, entered upon the parties’ consent, they were awarded joint legal custody, and the plaintiff was awarded primary physical custody.
After a nonjury trial on certain financial issues, the Family Court considered the first $200,000 of combined parental income in determining child support, based upon, inter alia, “the economic reality of life in Rockland County, the financial resources of the custodial and noncustodial parent, and those of the children, [and] a determination that the gross income of one parent *788 is substantially less than the other parents’s gross income,” and set the defendant’s child support obligation at $1,789 per month. The marital residence, titled in the parties’ joint names, was awarded to the plaintiff and the children, based upon the plaintiff’s claim that there was no equity in the house. The court further concluded in its decision that the plaintiff should maintain health insurance for the children, and the defendant should pay 37% of the college expenses of the children.
A modification of the child support award is warranted considering the substantial difference between the parties’ income, the fact that the defendant has less income than the plaintiff, and the amount of parenting time awarded to the defendant. Under all of the circumstances, it is just and appropriate to apply the statutory percentage of 29% for the three minor children to the first $150,000 of combined parental income (see Domestic Relations Law § 240 [1-b] [f]). Calculated on that basis, the defendant’s pro rata share of the child support obligation is $1,341 per month, subject to reduction as each child reaches the age of 21 years or is otherwise emancipated.
The parties both acknowledge that the Family Court had no authority to direct the conveyance of the defendant’s interest in the marital residence to the children. However, the plaintiff, who was seeking the defendant’s interest in that property, had the burden of establishing its value, which he failed to do (see Alper v Alper, 77 AD3d 694 [2010]). Under these circumstances, the plaintiff is not entitled to an award of the defendant’s interest in the marital residence. Since the plaintiff has physical custody of the children, he should be awarded exclusive possession of the marital residence until the youngest child reaches the age of 18 or graduates from high school, whichever occurs first (see Mosso v Mosso, 84 AD3d 757 [2011]; Cabeche v Cabeche, 10 AD3d 441 [2004]), whereupon the marital residence should be sold and any proceeds, after application of any appropriate credits, should be divided equally between the parties.
Considering the ages of the children, it was premature for the Supreme Court to direct the defendant to contribute toward the college expenses of the children (see Felix v Felix, 87 AD3d 1106, 1108 [2011]; Bogannam v Bogannam, 60 AD3d 985, 986 [2009]; Bibas v Bibas, 58 AD3d 586, 588 [2009]).
When there is an inconsistency between a judgment and the decision or order upon which it is based, the decision or order controls (see McLoughlin v McLoughlin, 63 AD3d 1017, 1020 [2009]; Curry v Curry, 14 AD3d 646, 647 [2005]; Pauk v Pauk, 232 AD2d 386, 390 [1996]). In its decision, the Supreme Court ruled that the plaintiff shall maintain medical, dental, prescrip *789 tion, and optical insurance for the benefit of the parties’ unemancipated children. However, the judgment failed to include a provision effectuating that determination. Accordingly, the judgment must be modified to include such a provision.
Similarly, Domestic Relations Law § 236 (B) (7) (d) requires that any order of support include a notice informing the parties of their right to seek a modification of the child support order upon a showing of “(i) a substantial change in circumstances; or (ii) that three years have passed since the order was entered, last modified or adjusted; or (iii) there has been a change in either party’s gross income by fifteen percent or more since the order was entered, last modified, or adjusted.” Because the judgment failed to include such a notice, we modify the judgment to include that notice.
The defendant’s remaining contentions are without merit. Dillon, J.E, Chambers, Hall and Hinds-Radix, JJ., concur.