In a probate proceeding in which the now deceased administrator c.t.a. of the estate of Ira Schwarzenberger, also known as Issa Schwarzenberger, petitioned to judicially settle the final account, Helene Schwartzenberger, the decedent’s daughter, appeals, as limited by her brief, (1) from so much of an order of the Surrogate’s Court, Kings County (Tomei, A.S.), dated November 28, 2007, as, upon a decision of the same court dated November 3, 2005, (a) denied that branch of her motion which was for leave to amend her objections to the final accounting to assert new claims against, among others, the administrator c.t.a. and his attorneys, (b) and upon granting that branch of her motion which was for leave to amend the objections to the final accounting to assert a claim against the decedent’s surviving spouse, did not indicate that the claim was based on the surviving spouse’s status as a “de facto fiduciary,” (c) directed the dismissal, as abandoned, of the proceeding to settle the account of the trustee of a trust which the decedent created to receive the assets of his estate, and (d) denied her motion for leave to amend the petition for the judicial settlement of that trustee’s account, and (2) from so much of an order of the same court (Johnson, S.), dated March 30, 2010, as, (a) upon granting reargument of part of the decision dated November 3, 2005, adhered to its prior determination that she was not entitled to amend the petition for the judicial settlement of the trustee’s account, and (b) denied that branch of her motion which was for leave to reargue so much of the decision dated November 3, 2005, as determined that her prior motion for leave to reargue an undecided motion to hold the decedent’s surviving spouse personally liable for tortious misconduct should be denied.
Ordered that the order dated November 28, 2007, is modified, *869 on the facts, (1) by adding to decretal paragraph “5.b.,” subdivision (1), after the word “spouse,” the phrase “breached her duty as a de facto trustee, by,” and (2) by deleting the word “received” from that provision and substituting therefor the word “receiving”; as so modified, the order dated November 28, 2007, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
Ordered that the appeal from so much of the order dated March 30, 2010, as denied that branch of the appellant’s motion which was for leave to reargue so much of the decision dated November 3, 2005, as related to her prior motion for leave to reargue an undecided motion is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,
Ordered that the order dated March 30, 2010, is affirmed insofar as reviewed, without costs or disbursements.
The decedent, Ira Schwarzenberger, also known as Issa Schwarzenberger, died in Florida on October 31, 1991, survived by his wife, Taube Schwarzenberger (hereinafter Taube), and his adult daughter from a prior marriage, the appellant herein. The decedent’s primary asset was his home in Brooklyn. The decedent’s will left, inter alla, his personal effects and collections to Taube, with the balance of the estate to pass to a revocable trust which the decedent created the same day as the will (hereinafter the Trust), for the ultimate benefit of the appellant.
During the course of protracted litigation, the appellant filed objections to the final account (hereinafter the Estate Accounting) filed by the administrator c.t.a. of the decedent’s estate. In December 2003, the appellant moved for multiple forms of relief, which included, inter alla, leave to amend her objections in the Estate Accounting to assert new claims sounding in tort against Taube.
In a decision dated November 3, 2005 (hereinafter the November 2005 decision), the Surrogate’s Court granted that branch of the appellant’s motion which was for leave to amend her objections in the Estate Accounting to the extent of allowing her to assert a claim that Taube breached her duty as a de facto fiduciary by improperly receiving assets from either the Trust or the estate. An order dated November 28, 2007, was thereafter entered upon the decision.
A judgment or order must conform strictly to the underlying decision (see Berry v Williams, 87 AD3d 958, 961 [2011]; McLoughlin v McLoughlin, 63 AD3d 1017, 1019-1020 [2009]; Curry v Curry, 14 AD3d 646, 647 [2005]). Where a judgment or *870 order is inconsistent with the underlying decision, the decision controls (see Matter of Testa v Strickland, 99 AD3d 917 [2012]; McLoughlin v McLoughlin, 63 AD3d at 1019-1020; Curry v Curry, 14 AD3d at 647). Here, the November 28, 2007, order failed to conform strictly to the relief that was granted to the appellant by the November 2005 decision, which determined that she was entitled to amend her objections in the Estate Accounting to include a cause of action against Taube based on Taube’s alleged improper receipt of assets from the Trust as a “de facto fiduciary” of the Trust. Accordingly, the November 28, 2007, order must be modified to conform strictly to the relief that was granted (see Matter of Testa v Strickland, 99 AD3d 917 [2012]; McLoughlin v McLoughlin, 63 AD3d at 1019-1020; Curry v Curry, 14 AD3d at 647).
Contrary to the appellant’s contention, the Surrogate’s Court properly directed the dismissal of the proceeding to settle the account of the Trust (hereinafter the Trust Accounting) as abandoned, and, upon reargument, properly adhered to its prior determination that the appellant was not entitled to assert new claims in the Trust Accounting. The appellant never filed objections to the intermediate account filed by the first trustee of the Trust in 1993, and the objections which Taube filed to that account were never prosecuted (cf. SCPA 209 [8]). Moreover, the Circuit Court for Broward County, Florida, Probate Division, assumed jurisdiction over the Trust in 1998, and the assets of the Trust were transferred to a Florida trustee pursuant to an order of the Surrogate’s Court dated November 23, 2000.
The appellant’s remaining contentions are without merit. Dillon, J.P, Sgroi, Cohen and Miller, JJ., concur.
Motion by the respondent Marsha Matthews, inter alia, to strike stated portions of the appellant’s appendix on appeals from two orders of the Surrogate’s Court, Kings County, dated November 28, 2007, and March 30, 2010, respectively, on the ground that it contains matter dehors the record. By decision and order on motion of this Court dated September 28, 2011, that branch of the motion which is to strike the appellant’s appendix was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeals, it is
Ordered that the branch of the motion of the respondent *871 Marsha Matthews which is to strike the appellant’s appendix is granted to the extent that, except for pages A1-A44, A67-A69, A124-A135, A139-A165, A172-A195, A1113-A1166, and A1280-A1495, the appellant’s appendix is stricken and, except for the aforesaid stated portions, has not been considered in the determination of the appeals. Dillon, J.E, Sgroi, Cohen and Miller, JJ., concur.