■ JIN C., Respondent, v JULIANA L., Appellant. [27 NYS3d 675]—

Appeal from an interlocutory judgment of the Supreme Court, Kings County (Jeffrey Sunshine, J.), dated September 10, 2013. The interlocutory judgment, upon a decision of that court dated March 8, 2013, awarded custody of the subject child to the father and awarded certain visitation to the mother.

Ordered that the interlocutory judgment is affirmed, without costs or disbursements.

The plaintiff father and the defendant mother were married

in December 2007. They have one child, a daughter, born in July 2008. The father commenced this action for a divorce and ancillary relief in November 2009.

At a hearing on temporary custody, both parties testified as to instances of domestic violence that occurred on August 31, 2009 and November 3, 2009. The Supreme Court found that the father had been the victim of domestic violence. At a subsequent hearing regarding a family offense petition filed by the mother, the court sustained the father's objection to the mother offering more testimony regarding those incidents. The court also granted the father's application to dismiss the mother's family offense petition.

At the custody hearing, the father testified that he had been employed by the Long Island Rail Road for 12 years. He testified that both of his parents are retired, and that they help him raise the child. The mother testified that both of her parents are deceased, and her siblings live in Indonesia and Singapore. The mother admitted to leaving the marital residence with the child on December 7, 2009, and further admitted that she did not contact the father for the next two months to ask if he wanted to see the child.

In the interlocutory judgment appealed from, the Supreme Court awarded full custody of the child to the father. The court granted the mother visitation every other weekend from Friday at 6:00 p.m. until Sunday at 8:00 p.m., and dinner on every Wednesday from 6:00 p.m. until 8:00 p.m. The mother appeals.

The Appellate Division's authority in child custody cases is as broad as that of the trial court (*see Miller v Pipia*, 297 AD2d 362, 364 [2002]). The essential consideration in making an award of custody is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). "In making an initial custody determination, the courts must 'consider the best interests of the child by reviewing such factors as maintaining stability for the child, the child's wishes, the home environment with each parent, each parent's past performance, relative fitness, ability to guide and provide for the child's overall well-being, and the willingness of each parent to foster a relationship with the other parent' " (*Matter of Swinson v Brewington*, 84 AD3d 1251, 1253 [2011], quoting *Matter of Anson v Anson*, 20 AD3d 603, 604 [2005]). "Since custody determinations turn in large part on assessments of the credibility, character, temperament and sincerity of the parties, the [trial] [c]ourt's determination should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Chery v Richardson*, 88 AD3d 788, 788 [2011]). Moreover, the

determination of visitation issues is entrusted to the sound discretion of the trial court, and should not be disturbed on appeal unless it lacks a substantial evidentiary basis in the record (*see Matter of Mera v Rodriguez*, 73 AD3d 1069 [2010]; *Matter of Thompson v Yu-Thompson*, 41 AD3d 487, 488 [2007]).

Here, the Supreme Court's determination awarding custody to the father, with visitation to the mother, has a sound and substantial basis in the record and will not be disturbed.

The mother's remaining contentions are without merit. Dillon, J.P., Chambers, Dickerson and Barros, JJ., concur.