■ MARGARET BROWN, Respondent, v PAUL F. CONDZAL, Appellant. [29 NYS3d 6]—

Judgment, Supreme Court, New York County (Matthew F. Cooper, J.), entered July 10, 2014, which, to the extent appealed from as limited by the briefs, characterizes the amount

awarded to plaintiff as "unpaid child support," unanimously affirmed, with costs.

The parties' marriage was terminated by a judgment of divorce entered in November 2005. Incorporated but not merged into the judgment is the parties' separation agreement, which provides, inter alia, that the parties' sole child is to attend private school and that defendant husband is to bear 100% of the costs of the child's tuition. In 2010, plaintiff wife asserted a cause of action for breach of contract, under the caption and index number of the divorce action, to recover a judgment against defendant for reimbursement of amounts she had paid for the child's tuition, defendant having defaulted on his obligation under the separation agreement to make such payments. After a four-day trial, by decision and order entered January 9, 2012 (the January 2012 order), the court rejected defendant's opposing arguments and directed him to pay plaintiff, within 60 days, $56,326.66 as reimbursement for her tuition payments. The order further directed the clerk, without further order of the court, and upon service of the order with notice of entry and plaintiff's affidavit of defendant's default in making the payment, to enter judgment in favor of plaintiff against defendant in the amount of $56,326.66 with statutory interest from July 1, 2010, plus costs and disbursements. In addition, the January 2012 order directed defendant to pay plaintiff's counsel $30,000 in attorney's fees and similarly directed the clerk, upon a properly supported application, to enter judgment for such fees with interest in favor of plaintiff's counsel if not paid within 60 days. In July 2014, plaintiff submitted to the clerk a proposed judgment against defendant awarding her and her former counsel recoveries in accordance with the January 2012 order, and the clerk entered the judgment on July 10, 2014.

Defendant now appeals from the July 2014 judgment insofar as it characterizes the amount awarded to plaintiff against him as a recovery "for unpaid child support."* While he does not challenge the recoveries granted plaintiff and her former counsel by the judgment, defendant argues that the judgment's characterization of the award as damages for "unpaid child

---

* In pertinent part, the judgment recites: "Plaintiff having moved for a judgment against the defendant *for unpaid child support* and for attorneys [sic] fees incurred in connection with obtaining the judgment *for unpaid child support* and the Honorable Matthew Cooper having rendered a Decision and Order dated January 5, 2012, (i) in favor of the plaintiff *for unpaid child support* . . . and (ii) in favor of plaintiff's counsel . . . for $30,000 with interest . . . for attorneys [sic] fees incurred in connection with the proceedings to collect defendant's *unpaid child support*" (emphasis added).

support" is inconsistent with the January 2012 order, pursuant to which the judgment was entered, because the January 2012 order does not specifically use the term "child support" to describe the payments at issue. Rather, the relevant decretal paragraph of the January 2012 order directs defendant "to pay the plaintiff $56,326.66 as and for the child's private school tuition payments." Defendant contends that we should therefore modify the judgment "by striking from it each and every reference to 'unpaid child support' in order to conform it to the Decision and Order on which it is based."

We affirm the judgment as entered. While it is well-settled that, "[w]hen there is an inconsistency between a judgment or order and the decision upon which it is based, the decision controls, and such inconsistency may be corrected on appeal" (*Matter of Hyman*, 78 AD3d 583, 584 [1st Dept 2010]), there is no such inconsistency between the judgment under review and the January 2012 order on which it is based. Regardless of the January 2012 order's reference to the amount at issue as "the child's private school tuition payments," the obligation to make such payments, although undertaken by defendant in the separation agreement rather than imposed on him by independent judicial determination, constitutes a "child support" obligation within the meaning of Domestic Relations Law § 240. That statute defines the term "child support" to mean "a sum to be paid pursuant to court order or decree by either or both parents *or pursuant to a valid agreement between the parties* for care, maintenance and education of any unemancipated child under the age of twenty-one years" (Domestic Relations Law § 240 [1-b] [b] [2] [emphasis added]). Inasmuch as the payments at issue are for the child's education and are to be made "pursuant to a valid agreement between the parties," such payments plainly fall within the statutory definition of "child support" as a matter of law. The parties' election, as permitted by Domestic Relations Law § 240 (1-b) (h), to define their respective child support obligations by the terms of their separation agreement, rather than by the court's application of the statutory guidelines, does not alter the nature of the tuition payments in question—which defendant does not deny that he was obligated to make and that he failed to make—as "child support" within the meaning of the statute. Nor was the nature of the payments changed by the happenstance that the January 2012 order did not use the particular words "child support" to refer to these payments. Concur—Friedman, J.P., Renwick, Saxe and Moskowitz, JJ.