DJS Medical Supplies, Inc., as Assignee of DENNIS JOHNSON, Appellant, 
against
Allstate Insurance Company, Respondent.



Appeal from a judgment of the Civil Court of the City of New York, Kings County (Carol Ruth Feinman, J.), entered July 3, 2014. The judgment, after a nonjury trial, dismissed the complaint.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Civil Court for the entry of a judgment in favor of plaintiff in the principal sum of $181.50, together with costs, plus statutory interest and attorney's fees due pursuant to Insurance Law § 5106 (a) and the regulations promulgated thereunder.
In this action by a provider to recover first-party no-fault benefits for medical supplies provided to its assignor, a nonjury trial was held, limited, pursuant to a stipulation, to defendant's defense of lack of medical necessity. The parties further stipulated to defendant's witness's "medical expertise." Defendant's doctor stated that he had examined a peer review report prepared by a different doctor, and that he had also reviewed the assignor's medical records which had been considered by the peer reviewer. The witness testified about the medical supplies at issue, with the exception of a massager, and stated that he agreed with the peer reviewer's conclusion that the supplies lacked medical necessity. Plaintiff called no witness to rebut defendant's doctor's testimony. 
In a decision after trial, the Civil Court directed the entry of judgment in favor of plaintiff in the principal sum of $181.50 for a massager, since it was undisputed that defendant's medical witness had not testified about it. The Civil Court further found that defendant had demonstrated that the remaining supplies in question were not medically necessary, and that plaintiff had failed to rebut defendant's showing. Thereafter, plaintiff submitted a proposed judgment, which stated only that judgment was rendered in favor of defendant and made no award to plaintiff. The judgment, entered in the Civil Court on July 3, 2014, dismissed the complaint. On appeal, plaintiff argues that the judgment that dismissed the complaint, "except for $181.50," should be reversed. Defendant concedes that the Civil Court limited plaintiff's recovery to the sum of $181.50, and defendant raises no issue with respect to that part of the court's decision after trial.
In reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and [*2]demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]).
In the case at bar, the record supports the determination of the Civil Court, which was based upon its assessment of the credibility of defendant's witness and its recognition that plaintiff had not called a rebuttal witness.
However, we note that, whereas the Civil Court, in its decision after trial, directed that plaintiff be awarded the principal sum of $181.50, together with interest, costs and legal fees, the judgment dismissed the complaint. "Where there is an inconsistency between a judgment and the decision upon which it is based, the decision controls" (Kim v Schiller, 112 AD3d 671, 674 [2013]; see Green v Morris, 156 AD2d 331 [1989]). Such an inconsistency may be corrected by way of a motion for resettlement, pursuant to CPLR 2221, or on appeal, pursuant to CPLR 5019 (a) (see Kim, 112 AD3d at 674; Green, 156 AD2d at 331). We therefore reverse the judgment and remit the matter to the Civil Court for the entry of a judgment in favor of plaintiff in the principal sum of $181.50, together with costs, plus statutory interest and attorney's fees due pursuant to Insurance Law § 5106 (a) and the regulations promulgated thereunder (see CPLR 5019 [a]).
Pesce, P.J., Solomon and Elliot, JJ., concur.
Decision Date: July 13, 2016