■ MARISOL FENECH, Appellant, v MICHAEL FENECH, Respondent. [35 NYS3d 471]—

Appeal from stated portions of a judgment of divorce of the Supreme Court, Westchester County (Charles D. Wood, J.), dated December 31, 2014. The judgment, upon a decision of the same court dated April 15, 2014, as amended October 9, 2014, made after a nonjury trial, inter alia, awarded sole custody of the parties' child to the defendant, awarded the plaintiff certain maintenance, made an equitable distribution of the parties' marital assets, and directed the plaintiff to file a qualified domestic relations order at her sole cost and expense.

Ordered that the judgment is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof directing the plaintiff to file a qualified domestic relations order at her sole cost and expense, and substituting therefor a provision directing the defendant to file the qualified domestic relations order at his sole cost and expense, and (2) by deleting the provision thereof directing the defendant to pay the plaintiff maintenance in the sum of $500 per month for a period of 42 months, and substituting therefor a provision directing the defendant to pay the plaintiff maintenance in the sum of $1,500 per month for a period of 54 months; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The parties were married in 2000 and they had one child together. In 2011, the plaintiff commenced this action for a divorce and ancillary relief. The defendant consented to a divorce on the ground of an irretrievable breakdown of the marital relationship pursuant to Domestic Relations Law § 170 (7), and various issues were left for resolution, including custody and equitable distribution. In 2013, after the plaintiff failed to appear at a scheduled conference, the Supreme Court directed the parties to appear for an inquest. The court ultimately stated that it was "convert[ing]" the inquest to a nonjury trial, at which testimony was elicited from both parties.

In a decision dated April 15, 2014, as amended October 9, 2014, made after the trial, the Supreme Court, inter alia, determined that the defendant should be awarded sole custody of the child, that the plaintiff was entitled to maintenance in the sum of $500 per month for a period of 42 months, and that the defendant "is responsible to prepare and pay for" a qualified domestic relations order (hereinafter QDRO) for the equitable distribution of gains and losses on his pension. Thereafter, the court entered a judgment of divorce, which, among other things, directed the plaintiff to file the QDRO at her sole cost

and expense. The plaintiff appeals from stated portions of the judgment.

"In making an initial custody determination, the courts must consider the best interests of the child by reviewing such factors as maintaining stability for the child, the child's wishes, the home environment with each parent, each parent's past performance, relative fitness, ability to guide and provide for the child's overall well-being, and the willingness of each parent to foster a relationship with the other parent" (*Jin C. v Juliana L.*, 137 AD3d 1061, 1062 [2016] [citations and internal quotation marks omitted]). While the Appellate Division's authority in reviewing a child custody determination is as broad as to that of the trial court, the trial court's determination should not be disturbed unless it lacks a sound and substantial basis in the record, insofar as custody determinations " 'turn in large part on assessments of the credibility, character, temperament and sincerity of the parties' " (*id.* at 1062, quoting *Matter of Chery v Richardson*, 88 AD3d 788, 788 [2011]). Here, the Supreme Court's determination to award sole custody of the child to the defendant, with supervised visitation to the plaintiff, has a sound and substantial basis in the record and will not be disturbed.

The "amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its unique facts" (*Massirman v Massirman*, 78 AD3d 1021, 1022 [2010] [internal quotation marks omitted]). "The factors to be considered in a maintenance award are, among others, the standard of living of the parties, the income and property of the parties, the distribution of property, the duration of the marriage, the health of the parties, the present and future earning capacity of the parties, the ability of the party seeking maintenance to be self-supporting, the reduced or lost earning capacity of the party seeking maintenance, and the presence of children of the marriage in the respective homes of the parties" (*Gordon v Gordon*, 113 AD3d 654, 654-655 [2014]; *see* Domestic Relations Law § 236 [B] [6] [a]).

The Supreme Court imputed to the plaintiff $20,800 of income per year based upon her prior earnings history, and calculated the defendant's retirement and rental incomes and other imputed income as totaling $55,000. On that basis, and upon consideration of all other relevant factors, the court set maintenance in favor of the plaintiff in the sum of $500 per month for a period of 42 months. The court properly imputed income of $20,800 to the plaintiff; however, the court erred in

imputing only $55,000 of income per year to the defendant. The defendant's statement of net worth disclosed expenses of $99,588 per year, not inclusive of additional expenses attributed to certain Spring Street properties. While a portion of the defendant's expenses might account for certain credit card debt, the remainder of those expenses were paid, indicating that the defendant's income exceeds the $55,000 annual amount determined by the court. Indeed, in his testimony, the defendant was unable to explain how his reported pension and rental incomes enabled him to cover his expenses. Taking into account all factors to be considered in awarding maintenance, we increase the maintenance payable to the plaintiff to the sum of $1,500 per month for a period of 54 months.

" '[W]hen there is an inconsistency between a judgment and the decision upon which it is based, the decision controls,' " and such inconsistency may be corrected on appeal (*Pauk v Pauk*, 232 AD2d 386, 390-391 [1996], quoting *Green v Morris*, 156 AD2d 331, 331 [1989]; *see Matter of Schwarzenberger*, 116 AD3d 868, 869-870 [2014]; *Mejia v Mejia*, 106 AD3d 786, 788 [2013]). Here, the judgment failed to conform to the decision, as amended, upon which it was based, to the extent that the judgment directed the plaintiff to file a QDRO at her sole cost and expense, whereas the decision, as amended, held that the defendant "is responsible to prepare and pay for" any QDRO. Accordingly, the judgment must be modified to conform to the underlying decision, as amended (*see Mejia v Mejia*, 106 AD3d at 789).

The plaintiff's remaining contentions are not properly before this Court or without merit. Dillon, J.P., Cohen, Barros and Connolly, JJ., concur.