City Care Acupuncture, P.C., Jamaica Wellness Medical, P.C., and MK Chiropractic, P.C., as Assignees of Edzer Louis-Jean, Appellants,
against
Allstate Property and Casualty Insurance Company, Respondent, and Edzer Louis-Jean, Defendant.



Appeal, on the ground of inadequacy, from a decision after inquest of the City Court of Yonkers, Westchester County (Thomas R. Daly, J.), dated January 13, 2015, and from a judgment of the same court entered April 21, 2015. The judgment, entered pursuant to the decision after inquest, upon awarding plaintiffs the principal sum of $4,491.47, together with interest, costs and disbursements, failed to award plaintiffs statutory attorney's fees.




ORDERED that so much of the appeal as is from the decision is dismissed on the ground that no appeal lies from a decision (see UCCA 1702); and it is further,
ORDERED that the judgment is reversed, without costs, and the matter is remitted to the City Court for the entry of a new judgment in favor of plaintiffs, and against defendant Allstate Property and Casualty Insurance Company only, in the principal sum of $4,491.47, following a calculation of statutory interest and an assessment of attorney's fees in the amount of $850 due pursuant to Insurance Law § 5106 (a) and the regulations promulgated thereunder.
Plaintiffs commenced this action in October 2014 to recover assigned first-party no-fault benefits for services that had been provided from February through July 2012, and statutory attorney's fees thereon. Defendant Allstate Property and Casualty Insurance Company (Allstate) defaulted. Plaintiffs' counsel subsequently admitted that defendant Edzer Louis-Jean had not been served with process. Plaintiffs, in effect, moved to enter a default judgment and submitted a proposed judgment to the City Court of Yonkers. Following an inquest, the City Court awarded a default judgment to plaintiffs in the principal sum of $4,491.47, together with interest and statutory costs and disbursements. In its decision, the court noted that plaintiffs had discontinued the action as against Edzer Louis-Jean individually. The court denied the branch of plaintiffs' motion which sought statutory attorney's fees, finding that plaintiffs had failed to [*2]demonstrate their "statutory entitlement to attorney's fees . . . and failed to submit a detailed affidavit" of the services rendered by plaintiffs' counsel. A judgment was entered against defendants Allstate and Edzer Louis-Jean, awarding plaintiffs the principal sum of $4,491.47 on their claims, plus statutory interest, costs, and disbursements. Plaintiffs appeal from the decision and judgment, arguing that the court erred in failing to award them statutory attorney's fees.
So much of the appeal as is from the decision is dismissed, as no appeal lies from a decision (see UCCA 1702). The issues raised on the appeal from the decision are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
Contrary to the determination of the City Court, attorney's fees, as sought here by plaintiffs, are not discretionary or dependent upon the actual value of the services rendered by plaintiffs' counsel. Rather, the attorney's fees to which plaintiffs are entitled are statutory (Insurance Law § 5106 [a]), and, pursuant to the no-fault regulations in effect at the relevant time, equaled "20 percent of the amount of first-party benefits, plus interest thereon, . . . subject to a maximum fee of $850" (11 NYCRR 65-4.6 [former (e)]; see LMK Psychological Servs., P.C. v State Farm Mut. Auto. Ins. Co., 12 NY3d 217 [2009]).
In the present case, as the City Court awarded a default judgment in favor of plaintiffs for first-party no-fault benefits in the principal sum of $4,491.47, plaintiffs are entitled to the maximum statutory attorney's fees of $850 (cf. 11 NYCRR 65-4.6 [d] [effective July 23, 2014, the maximum possible award of attorney's fees in this type of action was increased to $1,360]). However, while the decision of the City Court recognized that plaintiffs had discontinued the action as against Edzer Louis-Jean, the judgment named both Allstate and Louis-Jean as debtors. "Where there is an inconsistency between a judgment and the decision upon which it is based, the decision controls" (Kim v Schiller, 112 AD3d 671, 674 [2013]; see Green v Morris, 156 AD2d 331 [1989]). Such an inconsistency may be corrected on appeal, pursuant to CPLR 5019 (a) (see Kim, 112 AD3d at 674; Green, 156 AD2d at 331; Clifford v Nationwide Custom Servs., Inc., 51 Misc 3d 132[A], 2016 NY Slip Op 50459[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]).
Accordingly, the judgment is reversed and the matter is remitted to the City Court for the entry of a new judgment in favor of plaintiffs, and against defendant Allstate only, in the principal sum of $4,491.47, following a calculation of statutory interest and an assessment of attorney's fees in the amount of $850 due pursuant to Insurance Law § 5106 (a) and the regulations promulgated thereunder.
Brands, J.P., Marano and Tolbert, JJ., concur.
Decision Date: December 07, 2016