Roberts v Roberts (2023 NY Slip Op 00121)

Roberts v Roberts

2023 NY Slip Op 00121

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.

2019-11914 
2020-03025
2020-03792
 (Index No. 624850/18)

[*1]Kristen Roberts, etc., respondent, 
v
Todd Roberts, et al., appellants, John Doe, etc., et al., defendants.

Handel & Carlini, LLP, Poughkeepsie, NY (Anthony C. Carlini, Jr., and Christina Tomaselli of counsel), for appellants.
Campagna Johnson Mady, P.C., Hauppauge, NY (Nicholas E. Arazoza and Bryan R. Johnson of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, in effect, to enforce certain provisions of a judgment of divorce, the defendants Todd Roberts, Patricia Beck, and East Jersey Commercial, LLC, appeal from (1) an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated September 10, 2019, (2) an order of the same court dated February 25, 2020, and (3) a judgment of the same court entered March 10, 2020. The order dated September 10, 2019, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the cause of action, in effect, to enforce certain provisions of the judgment of divorce and directed the defendant East Jersey Commercial, LLC, to execute all documents required for the plaintiff to immediately sell the subject property. The order dated February 25, 2020, granted that branch of the plaintiff's motion which was pursuant to 22 NYCRR 130-1.1 for an award of attorney's fees against the defendants Todd Roberts and Patricia Beck to the extent of awarding the plaintiff the sum of $50,013.75. The judgment, upon the orders, is in favor of the plaintiff and against the defendants Todd Roberts, Patricia Beck, and East Jersey Commercial, LLC, inter alia, awarding the plaintiff judgment on the second through sixth causes of action, directing the defendant Coastal Urology Associates to release all rents held in escrow that had become due for the subject property directly to the plaintiff or any other agent or entity so designated by her, directing that all rents due to the defendant East Jersey Commercial, LLC, shall be paid directly to the plaintiff or any other agent or entity so designated by her, adjudging that the plaintiff is now the designated agent and lawful owner of the defendant East Jersey Commercial, LLC, and awarding the plaintiff attorney's fees in the sum of $50,013.75 payable by the defendants Todd Roberts and Patricia Beck.
ORDERED that the appeals from the orders are dismissed, without costs or disbursements; and it is further,
ORDERED that the judgment is modified, on the law, (1) by deleting the provisions thereof (a) awarding the plaintiff judgment on the second through sixth causes of action, (b) directing the defendant Coastal Urology Associates to release all rents held in escrow that had become due for the subject property directly to the plaintiff or any other agent or entity so designated by her, (c) directing that all rents due to the defendant East Jersey Commercial, LLC, shall be paid directly to the plaintiff or any other agent or entity so designated by her, (d) adjudging that the plaintiff is now [*2]the designated agent and lawful owner of the defendant East Jersey Commercial, LLC, and (e) awarding the plaintiff attorney's fees in the sum of $50,013.75 payable by the defendants Todd Roberts and Patricia Beck; and (2) by adding thereto a provision directing the defendant Coastal Urology Associates to release all rents held in escrow for the subject property directly to the support trust established in the judgment of divorce; as so modified, the judgment is affirmed, without costs or disbursements, that branch of the plaintiff's motion which was pursuant to 22 NYCRR 130-1.1 for an award of attorney's fees against the defendant Todd Roberts and Patricia Beck is denied, and the order dated February 25, 2020, is modified accordingly.
The plaintiff and the defendant Todd Roberts were divorced by a judgment of divorce dated June 30, 2014, in the Superior Court of New Jersey. The judgment of divorce created a support trust for the support and certain needs of the plaintiff and the children of the marriage. The support trust was to be funded by the sale of certain marital assets, including a commercial building known as 446 Jack Martin Boulevard (hereinafter the commercial property), owned by the defendant East Jersey Commercial, LLC (hereinafter EJC), in which Todd Roberts owned a 90% interest. The judgment of divorce directed that the commercial property be immediately listed for sale and that the net proceeds from the sale due from Todd Roberts's 90% share would be placed into the support trust.
Shortly after the judgment of divorce was issued, Todd Roberts filed for bankruptcy. The plaintiff commenced an adversary proceeding in the bankruptcy court against Todd Roberts and the defendant Patricia Beck, among others, seeking a declaration that certain assets, including the commercial property, were not the property of the bankruptcy estate and were the subject of the support trust created in the divorce action. The plaintiff obtained a default judgment against Beck, declaring that Beck had no legal or equitable ownership interest in EJC or any of its assets, including the commercial property. The plaintiff entered into a settlement agreement with the trustee of Todd Roberts's bankruptcy estate, in which the trustee transferred the estate's right, title, and interest, if any, in the support trust and its assets to the plaintiff.
In 2018, the plaintiff commenced this action against, among others, Todd Roberts, Beck, and EJC, inter alia, in effect, to enforce the provisions of the judgment of divorce that directed the sale of the commercial property for the benefit of the support trust. The plaintiff alleged that Todd Roberts engaged in a course of conduct to prevent the sale of the commercial property, which still had not been sold, and that he and Beck had continued to hold themselves out as the owners of the commercial property and to collect rents from the tenant, the defendant Coastal Urology Associates (hereinafter Coastal). Todd Roberts, Beck, and EJC interposed an answer with counterclaims, alleging that the plaintiff tortiously interfered with a contract between Coastal and EJC, and seeking certain declaratory relief.
The plaintiff moved, inter alia, for summary judgment dismissing the counterclaims insofar as asserted by Todd Roberts and Beck and on the cause of action, in effect, to enforce the subject provisions of the judgment of divorce and for related relief, and pursuant to 22 NYCRR 130-1.1 for an award of attorney's fees against Todd Roberts and Beck.
In an order dated September 10, 2019, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the cause of action, in effect, to enforce the subject provisions of the judgment of divorce, and directed EJC to execute all documents required for the sale of the commercial property. In an order dated February 25, 2020, the court granted that branch of the plaintiff's motion which was pursuant to 22 NYCRR 130-1.1 for an award of attorney's fees against Todd Roberts and Beck to the extent of awarding the plaintiff the sum of $50,013.75. In a judgment entered March 10, 2020, the court, inter alia, awarded the plaintiff judgment on the second through sixth causes of action; dismissed the counterclaims insofar as asserted by Todd Roberts and Beck; directed Coastal to release all rents held in escrow that had become due for the commercial property to the plaintiff or any other agent or entity so designated by her; directed that all rents due to EJC shall be paid directly to the plaintiff or any other agent or entity so designated by her; directed Todd Roberts and Beck to comply with the production of documents needed to effectuate the sale of the commercial property and to execute the documents needed to list and complete the sale; adjudged that the plaintiff is now the designated agent and lawful owner of EJC; and awarded the plaintiff attorney's fees in the sum of $50,013.75 payable by [*3]Todd Roberts and Beck. Todd Roberts, Beck, and EJC appeal.
The appeals from the orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the cause of action, in effect, to enforce the provisions of the judgment of divorce which directed the sale of the commercial property for the benefit of the support trust, and dismissed the counterclaims insofar as asserted by Todd Roberts and Beck. The plaintiff demonstrated that, in accordance with the judgment of divorce, the commercial property should have been sold and 90% of the net proceeds of the sale were to be deposited into the support trust account. Todd Roberts, Beck, and EJC failed to raise a triable issue of fact in opposition. Furthermore, the plaintiff demonstrated that Todd Roberts and EJC had not complied with the directive to sell the commercial property, and, therefore, the court properly directed Todd Roberts and Beck to comply with the production of documents needed to effectuate the sale of the commercial property and to execute the documents needed to list and complete the sale.
However, the Supreme Court should not have adjudged that the plaintiff is now the designated agent and lawful owner of EJC, or directed that all rents owed to EJC shall be paid directly to the plaintiff or any other agent or entity so designated by her. Neither the judgment of divorce nor the settlement agreement in the bankruptcy proceeding awarded the plaintiff Todd Roberts's interest in EJC. As detailed above, the judgment of divorce directed the sale of the commercial property owned by EJC and that the relevant proceeds be placed into the support trust. The settlement agreement merely awarded the plaintiff whatever interest Todd Roberts's bankruptcy estate may have in the support trust and its assets.
Under the circumstances of this case, the Supreme Court providently exercised its discretion in determining that the rental income from the commercial property during the relevant time should have benefitted the support trust and not Todd Roberts and Beck. However, the court should have directed that this income, which had been held in escrow, be released to the support trust rather than directly to the plaintiff or any other agent or entity so designated by her.
The court rule set forth in 22 NYCRR 130-1.1, which is intended to limit frivolous and harassing behavior (see Doe v Karpf, 58 AD3d 669, 669), authorizes a court, in its discretion, to award a party in a civil action costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees resulting from frivolous conduct (see 22 NYCRR 130-1.1; Matter of Miller v Miller, 96 AD3d 943, 944). The court may award such costs "only upon a written decision setting forth the conduct on which the award . . . is based" (22 NYCRR 130-1.2). Although "[c]ourts have not held that the procedural dictates of 22 NYCRR 130-1.2 must be followed in any rigid fashion" (Duncan v Popoli, 105 AD3d 803, 805 [internal quotation marks omitted]), here, the Supreme Court failed to specify which conduct it found to be frivolous, and it is not clear from the order what conduct the court found to be frivolous. Accordingly, that branch of the plaintiff's motion which was pursuant to 22 NYCRR 130-1.1 for an award of attorney's fees against Todd Roberts and Beck must be denied (see Matter of Parascondola v Romano, 158 AD3d 700, 701; Vogel v Vogel, 128 AD3d 681, 685; Mazzone v Mazzone, 269 AD2d 574, 575).
"When there is an inconsistency between a judgment and the decision or order upon which it is based, the decision or order controls" (Mejia v Mejia, 106 AD3d 786, 788; see Matter of JPMorgan Chase Bank, N.A., 188 AD3d 1211, 1214; Curry v Curry, 14 AD3d 646, 647). The inconsistency may be corrected on appeal (see CPLR 5019[a]; Pauk v Pauk, 232 AD2d 386, 391). Here, in the order dated September 10, 2019, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the cause of action, in effect, to enforce certain provisions of the judgment of divorce. The second through sixth causes of action were not subjects of the motion, and the court did not award summary judgment to the plaintiff on those causes of action. Thus, there was no basis to award the plaintiff judgment on the second through sixth causes of action. Consequently, we modify the judgment accordingly.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., BRATHWAITE NELSON, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court