Ronbeck v Ronbeck (2024 NY Slip Op 04989)

Ronbeck v Ronbeck

2024 NY Slip Op 04989

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2014-01731
2021-04329
 (Index No. 203486/07)

[*1]Carol Ann Ronbeck, respondent, 
v
Bruce Ronbeck, appellant.

Capetola & Divins, P.C., Williston Park, NY (Anthony A. Capetola, Robert P. Johnson, and Jennifer L. Garber of counsel), for appellant.
Robert J. Del Col, Bay Shore, NY, for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from (1) a judgment of divorce of the Supreme Court, Nassau County (Norman Janowitz, J.), entered November 26, 2013, and (2) an order of the same court entered June 1, 2015. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated March 28, 2013, made after a nonjury trial, awarded the plaintiff maintenance in the sum of $10,000 per month, commencing April 15, 2013, continuing for seven years through March 15, 2020, and retroactive to January 8, 2008. The order, insofar as appealed from, denied that branch of the defendant's motion which was to resettle the judgment of divorce.
ORDERED that the appeal from so much of the order as denied that branch of the defendant's motion which was to resettle the judgment of divorce is dismissed; and it is further,
ORDERED that the judgment of divorce is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from so much of the order as denied that branch of the defendant's motion which was to resettle the judgment of divorce must be dismissed, as no appeal lies from an order denying a motion to resettle a substantive or decretal portion of a judgment (see Bradley v William Penn Life Ins. Co. of N.Y., 201 AD3d 698, 699; Vogelgesang v Voegelgesang, 71 AD3d 1131, 1131).
The parties were married on December 29, 1994. The plaintiff commenced this action for a divorce and ancillary relief on December 12, 2007. As is relevant to this appeal, the Supreme Court, in a decision dated March 28, 2013, made following a nonjury trial, awarded the plaintiff maintenance in the sum of $10,000 per month for a period of seven years, commencing on April 15, 2013. The court reasoned that "given the [plaintiff's] education, employment history, and her ability to engage in full time employment once the parties' youngest child becomes emancipated, she has the ability to become financially independent within that period of time." The court further stated that the maintenance award would be retroactive to the date of the plaintiff's first application [*2]for maintenance, with a credit for any payments made by the defendant, and that retroactive sums due were to be paid at the rate of $1,000 per month in addition to the sums awarded. On November 26, 2013, the court entered a judgment of divorce, inter alia, awarding the plaintiff maintenance in the sum of $10,000 per month, commencing on April 15, 2013, and continuing for a period of seven years through March 15, 2020. The judgment of divorce directed that the award of maintenance be retroactive to January 8, 2008, with any retroactive sums due to be paid at the rate of $1,000 per month until all arrears are satisfied. The judgment of divorce also directed that the defendant would receive credits against retroactive arrears for any maintenance payments made since January 8, 2008, as well as for certain carrying charges made by him. The defendant appeals.
"'A judgment or order must conform strictly to the court's decision'" (Minervini v Minervini, 152 AD3d 666, 667, quoting McLoughlin v McLoughlin, 63 AD3d 1017, 1019). When there is an inconsistency between a judgment and the decision upon which it is based, the decision controls (see Roberts v Roberts, 212 AD3d 672, 676; Mascia v Mascia, 161 AD3d 977, 978). Contrary to the defendant's contention, there is no inconsistency between the decision and the judgment of divorce that is subject to correction (see Brown v Condzal, 137 AD3d 667, 669; Verdrager v Verdrager, 230 AD2d 786, 788). The judgment of divorce, in conformity with the decision, awarded the plaintiff seven years of prospective maintenance commencing on April 15, 2013, and provided that the award is retroactive to January 8, 2008, with the defendant entitled to receive certain credits that were to be applied to retroactive arrears.
The defendant's remaining contentions either are without merit, need not be reached in light of our determination, or are not properly before this Court.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court